# Buck *v*. L. & N. R. R. Co.

## *Trespass to Realty.*

### (Decided Dec. 8, 1910. 53 South. 1008.)

1. *Trespass; Damage; Railroad.*—Where the action was in trespass against a railroad company for building and maintaining a railroad track, and it appeared that the embankment for the roadbed had been thrown up, and the possession of the right of way had been in the defendant some years before the plaintiff acquired title to the land, but that the track had been laid thereon since the plaintiff had acquired title, plaintiff was entitled to only such damages as might have accrued from the placing of the track and the operating of the railroad thereon.

2. *Same; Possession; Evidence.*—Where it was admitted that the roadbed was on plaintiff's land according to plaintiff's deeds which were executed subsequent to the construction of the railroad embankment, it must appear that defendant had abandoned its right of way in order to show possession in plaintiff, in an action for trespass for maintaining such railway on said land.

3. *Same; Possession of Plaintiff; Jury Question.*—Where the action was for trespass for building and maintaining a railroad, and it appeared that the railroad embankment was constructed on the land before the plaintiff obtained title thereto, it became necessary to show an ouster of defendant, and it was for the jury to say under the evidence whether the road had been abandoned by the defendant or its predecessor so as to confer constructive possession upon the plaintiff.

4. *Abandonment; Definition; Intention.*—To be an abandonment there must be a concurrence of the intent to abandon, and a actual

relinquishment of the property. There must be some clear, unequivocal and decisive act of the party.

5. *Appeal and Error; Review; Invited Error.*—Where the action was in trespass against a railroad for constructing upon land a railroad track subsequent to the acquirement of the title by plaintiff, and it appeared that the embankment on which the track was laid had been constructed prior to the execution of plaintiff's title, and plaintiff asked a witness whether the old grade had been abandoned, and witness replied: "No sir, it was not," plaintiff cannot complain of such answer since it was responsive to his question.

Appeal from Jefferson Circuit Court.

Heard before Hon. A. O. Lane.

Action by F. B. Buck against the Louisville & Nashville Railroad Company in trespass to land for maintaining and operating a railroad track thereon. Judgment for defendant and plaintiff appeals. Affirmed.

C. L. Odell, for appellant. Counsel insist that there was error in permitting the admission in evidence of the deed of Village Creek Land Company to the Birmingham Mineral Railroad Company, and deed from the Birmingham Mineral Road Company to the defendant, but cites no authority in support thereof. Charge 2 should have been given.—*Shipman v. Baxter*, 21 Ala. 456; *Chastang v. Chastang*, 141 Ala. 451; *Stevenson v. Anderson*, 87 Ala. 228; *McDaniel v. S. S. I. & S. Co.*, 44 South. 705. Charge 3 should have been given.— Sec. 235, Const. 1901; *So. Ry. Co. v. Hood*, 126 Ala. 312; *Bir. T. Co. v. B'ham Co.*, 119 Ala. 129; *H. A. & B. R. R. Co. v. Matthews*, 99 Ala. 27; 68 Ala. 48; 23 Ala. 680; 7 A. & E. Enc. of Pl. 691; 28 A. & E. Enc. of Law, 577. Charge 4 should have been given.—*Farrow v. N. C. & St. L.*, 109 Ala. 448; *Duke v. The State*, 56 Ark. 485. The court erred in giving charge 1 requested by the defendant.—*Buck v. L. & N.*, 48 South. 699. Counsel discuss the other charges given, but without citation of authority.

TILLMAN, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant. The evidence was sufficiently conflicting to authorize the submission to the jury as to whether defendant was in possession of plaintiff's land at all, and if so, whether its predecessor had abandoned the right of way so as to leave plaintiff in constructive possession at the time this defendant entered.—*Buck v. L. & N.*, 159 Ala. 305. There is no field of operation for a constructive possession of land when it is in the actual possession of another.—*Buck v. L. & N., supra.* On the question of abandonment see the following authorities.—1 Cyc. 4 and 5; 34 Atl. 84; 47 S. W. 617; 10 Cal. 299; 28 Atl. 866; 61 Mo. 178. The principles laid down in a former appeal of this case are conclusive against appellant as to his other assignments of error.

SIMPSON, J.—This is an action by the appellant for trespass to land by entering, constructing, or building, and maintaining a railroad track on said land. The facts are uncontroverted that the right of way was in the possession of the defendant years before the plaintiff acquired the title to the land described in the complaint, and the embankment for the roadway thrown up; but the track has been laid since the plaintiff acquired said land, so that, if the plaintiff is entitled to any damages in this action, it is not for the original taking, but only for such damages as may have accrued by the placing of the track and operating the railroad thereon.

This case was before this court at a previous term (159 Ala. 305, 48 South. 699), in which it was held that, in order to recover, the plaintiff must have been in possession, actual or constructive, at the time of the trespass; that the measure or damages is the difference

in the value of the land before and after the trespass; that the defendant is not liable for acts of excavating, etc., done by its predecessor; that constructive possession, under a deed, does not extend to a portion of the tract in the actual possession of another; that, in the absence of proof of abandonment, actual possession under color of title is presumed to continue, when once shown. It was also held that there was no error in admitting the deed to the right of way from Village creek to the Birmingham Mineral Railroad (the predecessor of the defendant), and that the plaintiff's right to recover was a question for the jury.

In the first place, the evidence is not without conflict as to whether the right of way is on the plaintiff's land at all. The witness P. S. Milner (civil engineer and surveyor) testified that he did not include the street in his survey of plaintiff's land, that according to his recollection the land now occupied by the street was vacant property when he surveyed, and that it depends on the width of the street as to whether the track is on the street, and he knows nothing about the streets; and the witness Ryan said: "The west end of this property is near the railroad. I am not positive how much of the railroad is on the property." The plaintiff himself, and others, testify that when he inclosed his land he did not inclose the railroad bed. But, under the facts of this case, even if it be admitted that the roadbed is on the plaintiff's land according to his title deeds, in order to show his possession it is necessary to show that the defendant had abandoned the right of way.

The plaintiff asked the direct question of the witness Willoughby whether the old grade was abandoned; and he answered, "No, sir; it was not." As this was responsive to his own question, plaintiff cannot raise the illegality of it. To constitute an abandon-

ment there must be a concurrence of the intention to abandon and an actual relinquishment of the property. "There must be a clear, unequivocal, and decisive act of the party."—1 Cyc. 4, 5, notes; 33 Cyc. 135, 221, and notes. It was a matter for the jury to consider whether or not the road had been abandoned by the defendant or its predecessor, and whether or not the plaintiff was in possession constructively at the time of the supposed trespass.

The principles decided by this court on the former hearing of this case, and those herein stated, dispose of the assignments of error argued. Those relating to the measure of damages are not material, as the jury held that plaintiff was not entitled to any damages. There appearing no error on the record, the judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.