# C. W. Zimmerman Mfg. Co., *et al.* *v.* Dunn.

## *Trespass and Trover.*

(Decided April 16, 1907. 44 So. 533. Rehearing denied June 13, 1907.)

1. *Trover and Conversions; Parties; Part Owners.*—Part owners of lumber may maintain trover for the conversion of their interest therein.

2. *Same; Evidence.*—In an action of trover and trespass for the conversion of timber and lumber evidence that the agents of the defendant made overtures to the plaintiff with reference to the purchase of the timber on the lands mentioned, etc., was inadmissible.

3. *Evidence; Admissions.*—In the absence of evidence to show that a statement was an admission of distinct facts, it was error to admit a statement of an account given to plaintiff looking to a compromise.

4. *Estoppel; Denial of Title.*—Where defendants claimed under the plaintiffs for the timber rights in lands defendants are estopped from denying plaintiff's title.

5. *Evidence; Documentary Evidence; Private Memorandum.*—A scaling book belonging to defendant was improperly admitted in evidence when produced by one of defendant's employes who stated that he did not know where the timber came from that was entered therein except by the letter placed on the timber by other employes, and the testimony of such other employes did not sufficiently identify the timber and marks to constitute proof of the accuracy of the item.

6. *Same; Measure of Damages.*—The defendant not being a wilful trespasser, the measure of plaintiff's damage was the value of the logs when severed from the land, and evidence of the value of the manufactured lumber, or of the value of the logs at the mill, or of the highest value that the logs had was not admissible.

APPEAL from Clarke Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by William D. Dunn and others against the C. W. Zimmerman Manufacturing Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

This was an action begun by appellees and one Daffin against the appellants. The first count is in trover for the conversion of certain timber, alleged to have been cut and hauled off of a certain 80 acres of land belonging to plaintiff. The second count was in trespass, in the entry of the land and cutting of the timber thereupon. The third count was in simple trespass to the land. What occurred as to the amendment is sufficiently set out in the opinion. The assignments of error growing out of the admission and rejection of testimony, together with the substance of the testimony, sufficiently appears in the opinion.

WILSON & ALDRIDGE, R. W. STOUTZ, and STEPHENS & LYONS, for appellant.—The only interest which a life tenant has in the timber growing upon the land is such as is useful and necessary to the proper enjoyment of the the life estate.—*Garnett S. & V. Co. v. Woods,* 140

Ala. 457; *Alexander v. Fisher,* 7 Aa. 154. The tenant
may have his action quare clausam but not de bonis.—
*Lane v. Thompson,* 43 N. H. 320; *Wood v. Griffin,* 46
N. H. 230; 18 A. & E. Ency. of Law, pp. 450 and 453; 15
Ency. P. & P. 519; Washburn's Real Property (6th Ed.)
§ 303. In trover the good or bad faith of defendant
bears upon the question of damages.—*I. C. & C. Co. v.
A. C. & C. Co.,* 135 Ala. 579; *White v. Yawkey,* 108 Ala.
270; *Williams v. Crum,* 27 Ala. 468; 29 A. & E. Ency. of
Law, 734. All the evidence shedding light upon whether
the taking was knowingly wrongful or with a bona fide
belief of right was relevant and material.—*Sanders v.
Stokes,* 30 Ala. 432; *Jones v. Stern,* 28 Ala. 677; *Wil-
liams v. Haney,* 3 Ala. 371 and authorities supra. For
trespass to land the recovery is always limited to actual
damages unless accompanied by circumstances of aggra-
vation.—*White v. Yawkey, supra; Mitchell v. Billing-
ley,* 17 Ala. 391; *DeVaughan v. Heath,* 37 Ala. 596.
Under the proof in this case punitive damages were not
recoverable.—Authorities supra. The cause of action
could not be split.—14 Cyc. 439. The statement of ac-
count was not admissible.—*Feibleman v. Manchester,*
108 Ala. 180. Proof of possession in this case was inade-
quate.—*Clements v. Hayes,* 76 Ala. 284; *Croft v. Thorn-
ton,* 125 Ala. 391; 1 Cyc. 990. The scaling book was
improperly admitted.—*Culver v. Ala. Mid. R. R. Co.,*
108 Ala. 330. Testimony as to the value of the lumber
at the mill or the value of the timber at the mill or of
the highest market value of the logs was not admissible.
—*A. G. S. Ry. Co. v. Moore,* 109 Ala. 393; *Syson v.
Hieronymous,* 127 Ala. 482; *W. U. Tel. Co. v. Way,* 83
Ala. 524; *White v. Yawkey, supra;* 16 Cyc. 1144.

A. L. McLeod, for appellee.—The plaintiffs had a
right to amend by striking out Daffin as a party plain-

tiff.—140 Ala. 449; 104 Ala. 420; 6 Ala. 345. The tax
deed may answer as color of title though void.—111 Ala.
589; 108 Ala. 635; 91 Ala. 533; 90 Ala. 275. Defendants
claim under plaintiff and cannot dispute their title or
right of possession.—109 Ala. 430; 108 Ala. 677; 107
Ala. 170; 104 Ala. 523; 78 Ala. 150; 51 Ala. 496. The
highest market value of the property in the hands of a
wrong doer is the true measure of damages.—127 Ala.
137; 124 Ala. 341; 108 Ala. 270; 106 U. S. 432.

SIMPSON, J.—This was an action of trover, brought
by the appellee and one Daffin for the conversion of lum-
ber. During the progress of the trial the plaintiffs were
allowed to amend the complaint by striking out the
name of Daffin as a party plaintiff, and making the
complaint state that the remaining plaintiffs sued only
for the conversion of their two-thirds interest in said
lumber, and also by adding a count for the conversion of
their two-thirds interest in 1,078 pine logs. The defend-
ants moved for a nonsuit, and also demurred to the com-
plaint as amended: (1) Because the two plaintiffs can-
not recover; (2) because the plaintiffs have only a part
interest in the chattels, and the cause cannot be split.

The first two assignments of error are to the action of
the court in overruling said motion and demurrer. There
was no error in the action of the court in this matter.
The action of trover may be maintained by part owners
of a chattel for the conversion of their interest.—*White
v. Moore*, 22 Vt. 15, 52 Am. Dec. 75; *McGowen and Wife
v. Young*, 2 Stew. 276; *Strong v. Strong*, 6 Ala. 345;
*Lowery v. Rowland*, 104 Ala. 420, 426, 16 South. 88.

The court erred in permitting the witness Daffin, over
the objection of the defendant, to testify that one
Pritchett, who was agent of the defendant, had, prior to
the alleged trespass, "made overtures with reference to

purchase of the hardwood timber on the lands mentioned," etc. Said evidence was irrelevant to the issue involved in this case.

The court erred in admitting the statement of account, which, according to the testimony of the witness Dunn, was handed to him as a part of the negotiations for a compromise. This was not shown to be an admission of distinct facts, within the rule laid down in *Matthews v. Farrell*, 140 Ala. 298, 308, 37 South. 325, and cases cited. In addition it may be said no authority is shown in the attorney to bind his client.

The assignments referring to the sufficiency of the evidence of possession by plaintiffs to establish title are without merit, as the defendant's subsequent evidence showed that it claimed under the plaintiffs, and therefore could not deny their title.

The objections to the introduction of the "scaling book" produced by the witness Garrett should have been sustained. Said witness stated that he did not know where the timber came from that was entered therein, except by certain letters placed on said timber by other employes, and the testimony of said employes does not sufficiently identify the timber and marks to constitute proof as to the accuracy of the items. The witness Pritchett merely states that he made reports "sometimes" to Garrett, and that he "was present when the timber was cut on the lands described in the complaint." He does not testify as to any marks, and there is no land "described in the complaint." The witness Stevens testified merely that "the timber cut from the lands mentioned were marked or lettered in such way as to show the lands the log came from." For the same reason, all of the testimony of the witness Garrett as to scaling the timber should have been excluded.

There was no error in admitting the testimony of the witness Bolen as to the value of the logs. His testimony shows that he had sufficient experience and knowledge to testify to values.

The testimony of the witness Joiner as to the market value of logs at Mobile and Jackson and at the river, and the comparison of prices and the cost of transportation, were properly admitted as furnishing data from which the value at the place of conversion could be arrived at.—*Berry v. Nall & Duxberry,* 54 Ala. 446, 451; 16 Cyc. 1144.

That portion of the court's oral charge to the effect that the damages should be assessed "at the value of the timber," and not "for value of manufactured lumber," taken in connection with the other portion of the oral charge, in which he distinctly informed them that the plaintiffs could recover for two-thirds of the value, was not erroneous. It simply informed them that the value should be of the timber, and not of the manufactured lumber.

There being no question raised as to the defendants being willful trespassers, the measure of damages was the value of the logs when severed from the land, and not their value at the mill. Hence the court erred in that part of the oral charge fixing the damages as the value at the mill, and also in the charge fixing the value at the "highest value they found said logs to have had." —*White v. Yawkey,* 108 Ala. 270, 19 South. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.