# C. W. Zimmerman Mfg. Co.
# v. Dunn, *et al.*

## *Trespass and Trover.*

(Decided Nov. 11, 1909.—50 South. 906.)

1. *Adverse Possession; Color of Title; Void Tax Deed.*—A tax deed
though void as muniment of title is admissible as color of title in
connection with evidence of actual possession, as explanatory of the
good faith of the claim of ownership, and the extent of the posses-
sion, in an action in trover for the conversion of certain logs cut
on land claimed by plaintiff under such tax deed.

2. *Same; Actual Possession; Evidence; Sufficiency.*—Where plain-
tiff brought an action in trover for the conversion of certain logs cut
on land claimed under a void tax deed and plaintiff testified that he
had been in possession continuously for several years; that he went
into possession under the tax deed, that the possession consisted

[C. W. Zimmerman Mfg. Co. v. Dunn, et al.]

solely- in the fact that on one occasion he had the property surveyed, and on another occasion his agent sold cross-ties from the land; that he had paid ·taxes on the land, but had never been on the land in person, such evidence did not show actual possession of the land, and hence, did not show ownership of the timber, or justify a reasonable· inference of general or special property in the logs.

3. *Trover; Title to Maintain.*—There must be a concurrence of the right of property, general or special, and of possession, or the immediate right of possession in the plaintiff at the time of the conversion, to entitle him to maintain trover.

4. *Evidence; Best and Secondary; Predicate for Secondary.*—Until a proper predicate has been laid accounting for the absence of the original, a copy of an instrument is inadmissible; and the testimony of one of the three grantees in a deed that he had once had possession of the original deed and had searched for it, and was· unable to find it, was not a sufficient predicate for the introduction of a copy of the deed, in the absence of evidence that it was not in possession of one or the other of the grantees.

5. *Same; Compromise Agreement.*—A statement made and delivered by a party to his adversary in an attempt to compromise the matter in dispute between them is not admissible.

6. *Same; Letters; Genuine Letters.*—Before a letter otherwise genuine and material is admissible in evidence its genuineness must be shown.

APPEAL from Clark Circuit Court.

Heard before Hon. THOMAS W. DAVIS, Special Judge.

Trespass and trover by William D. Dunn and others, against the C. W. Zimmerman Manufacturing Company. For former report of this case see 151 Ala. 435; 44 South. 533. From a judgment for plaintiff defendant appeals. Reversed and remanded.

STEVENS & LYONS, WILSON & ALDRIDGE, and R. W. STOUTZ, for appellant.—The court erred in admitting the tax deed in evidence. The plaintiff failed to show such facts of possession under the deed as amounted to adverse possession, or as would give him title to the timber.—*Clements v. Hayes,* 76 Ala. 284; *Croft v. Thornton,* 125 Ala. 381; *Cheshire v. Harrison,* 119 Ala. 435; *Gist v. Beaumont,* 104 Ala. 352. A sufficient predicate is not offered to authorize the introduction of a copy of the deed.—*Potts v. Coleman,* 86 Ala. 94; *McCormack v.*

*Joseph,* 83 Ala. 401; *Singer v. Riley,* 80 Ala. 314; *Phoenix Co. v. McArthur,* 116 Ala. 659; *Ala. Const. Co. v. Meador,* 143 Ala. 36. If more than one person is entitled to the custody of the document, search must be shown among the papers of all.—47 Ga. 485; 13 N. H. 58. Proof of title is necessary to support trover.—*Booker v. Jones,* 55 Ala. 275. The court erred in admitting the statement offered in compromise.—*S. A. L. Ry. Co. v. Hubbard,* 142 Ala. 546; *Zimmerman Mfg. Co. v. Dunn,* 151 Ala. 435; *Barnwell v. Stephens,* 142 Ala. 609. Counsel discuss exceptions to admissions of other testimony, but without citation of authority.

A. L. McLeod, for appellee.—The statement offered and admitted was not an attempt at compromise, and the evidence was admitted in strict accordance with the rule laid down in the following cases.—*Matthews v. Farrell,* 140 Ala. 298; *Gibbs v. Wright,* 14 Ala. 467; *A. K. Marsh,* 238; 4 Conn. 148. The other assignments of error as to evidence are fully covered by the decision in this case on former appeal.—151 Ala. 435. The court properly instructed as to the measure of damages.—*White v. Yawkey,* 108 Ala. 270.

DOWDELL, C. J.—The complaint as originally filed contained a single count in trover, in code form, for the conversion of a specified amount of lumber. It was subsequently amended by adding a second count, in code form, for the conversion of a certain number of pine logs. The general issue was pleaded, and on this plea the case was tried.

It has been firmly settled in this court that in the action of trover there must be a concurrence of the right of property, general or special, and of possession, or the immediate right of possession, in the plaintiff at the

[C. W. Zimmerman Mfg. Co. v. Dunn, et al.]

time of the conversion.—*Booker, et al. v. Jones, Adm'r,* 55 Ala. 266-275; *Rees v. Coats,* 65 Ala. 256; *Beall v. Folmar, Sons & Co.,* 122 Ala. 414-418, 26 South. 1; *Moore et al. v. Walker,* 124 Ala. 199, 26 South. 984; *Johnson v. Wilson & Co.,* 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52; *Stafsky v. Southern Railway Co.,* 143 Ala. 272, 39 South. 132; 1 Chit. on Pl. 148-151. In the case before us the rights of property and of possession at the time of the alleged conversion were sought to be proven by showing title to and possession of the land from which the pine logs were cut, and only in this way. Along this line the plaintiffs were permitted, against the objection of the defendant, to introduce in evidence the copy of a tax deed to two of the plaintiffs and a third person, as color of title under which the plaintiffs claimed to have entered into possession of the land. The original tax deed, though void as a muniment of title, would have been admissible as color of title in connection with the evidence of actual possession—not as evidence of possession in itself, but as explanatory of the bona fides of claim of ownership and the extent of the possession. The copy, however, was inadmissible without a proper predicate accounting for the absence of the original. No sufficient predicate was here shown. There were three grantees named in the tax deed, either one of whom was as much the rightful and lawful custodian of the deed as the other. Evidence by one of the grantees that he had once had possession of the original, and had searched for it, but could not find it, without proof that it was not in the custody of one of the other two grantees, was insufficient as a predicate for the introduction of secondary evidence, and it was error to admit the copy in the present case on the showing that was made.

There was no attempt to show paper title to the land, such as would draw to it possession, but actual possession with claim of ownership. The only evidence along this line was that of the plaintiff, Dunn, who testified on his direct examination "that he and his coplaintiffs had been in possession of the lands in controversy continuously since 1890, and that they went into possession under tax deeds afterwards introduced in evidence." On his cross-examination this witness testified "that the possession of the plaintiffs consisted solely in the facts that upon one occasion, in the year 1890, he had the property surveyed, and that upon another occasion, in 1891 or 1892, Mr. Bolen, who is one of the witnesses in the case, acting as the agent of the plaintiffs, sold some cross-ties from said land; that witness was not present when said cross-ties were sold; that the plaintiffs have paid taxes on said land ever since 1890, and except as is stated in cross-examination, the plaintiffs had done nothing to manifest possession of the land; and that they had no possession, except such acts as were testified to in cross-examination. Witness had never been on the land in person, but knows that the land mentioned in his testimony is the land described in the tax deed." This evidence fell far short of showing actual possession of the land, and hence any ownership thereof, or of the timber growing thereon. Nor was it sufficient to afford a reasonable inference to be drawn by the jury of general or special property in the pine logs alleged to have been cut therefrom.

The statement or memorandum, identified as having been drawn up by the witness Loranz and delivered to the plaintiffs by Aldridge, and which was submitted in evidence against the objection of the defendant, was material only as a statement that the number of pine logs mentioned was cut from the particular land. On its

[C. W. Zimmerman Mfg. Co., v. Dunn, et al.]

face it showed that the mentioned logs were bought of the defendant by the plaintiffs, and tended to show a recognition by the plaintiffs of title to the same in the defendant. There was no pretense of a delivery under said purchase and a subsequent conversion by the defendant. On the cross-examination by the defendant of the witness testifying as to the making and delivery of the statement, the defendant sought to show that the same was made in an attempted compromise and settlement of the matter in dispute between the parties; but the court refused to allow it to be done. In this the court was in error. If what was sought to be shown was true, then under the ruling of this court on a former appeal (151 Ala. 435-439, 44 South. 533) the instrument was not admissible.

The court also erred in admitting evidence as to the contents of the letter claimed to have been received by the witness Dunn from the president of the defendant corporation. Conceding that a sufficient predicate of loss was shown, there was no proof of the genuineness of the letter. Before the letter itself, if relevant and material, would be competent, its genuineness would have to be shown.

The rule as to the measure of damages was laid down on the former appeal.—151 Ala. 440, 44 South. 533.

It is not necessary to treat other assignments predicated upon charges given and refused. The errors indicated, and what we have said in reference thereto, will prove a sufficient guide upon another trial.

Reversed and remanded.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.