# Lee, *et al.* *v*. Raiford.

### *Trespass to Realty.*

(Decided Feb. 2, 1911.   54 South. 543.)

1. *Bills of Exceptions; Proceedings in Which Authorized.*—Taking into consideration chapter 59, Code 1907, and sections 2846, 2863, 6243, and 3227, and rules 32 and 33, Circuit Court Practice, it is held that bills of exceptions may be reserved in any civil case, although Code 1907, omits the provisions of section 612 of the Code of 1896.

2. *Courts; Rules; Effect.*—Under the provisions of section 3227, Code 1907, rules 32 and 33, Circuit Court Practice, providing for bills of exceptions, are a part of the law of the state, because there is nothing in the Code contrary to them.

3. *Trespass; Realty; Evidence.*—A plaintiff suing in trespass to realty and relying on title and prior possessions is under the necessity of proving title and possession at the date of the trespass.

4. *Same.*—The evidence in this case stated and examined and held not to show title or possession in the plaintiff at the time of the trespass.

5. *Same; Right of Suit.*—Where a trespass to land was committed while a life tenant was in possession, or had the right of possession thereof, a subsequent conveyance by the life tenant to the remainder men did not give them the right to sue for the trespass.

6. *Same; Title.*—Trespass quare clausum fregit or de bonis asportatis cannot be employed as a substitute for ejectment.

7. *Same.*—A plaintiff suing for trespass on real estate who shows title under a deed obtained at execution sale, but who fails to show that the execution defendant had title, does not show such title as entitles him to recover against a defendant claiming under a tax deed.

8. *Same; Question of Title.*—As to who had the better title to land —the plaintiff who claimed under an execution sale and deed or the defendant claiming under a tax deed—cannot be determined in an action of trespass to land by the removal of a fence and the cutting and removing of timber therefrom.

[Lee, et al. v. Raiford.]

9. *Appeal and Error; Harmless Error; Evidence.*—Where the plaintiff is not entitled to recover in any event adverse rulings as to evidence was harmless.

APPEAL from Macon County Circuit Court.

Heard before Hon. S. L. Brewer.

Action by Mary Lou Lee and others against John Raiford. From a judgment for defendant, plaintiff appeals. Affirmed.

The fourth count as amended is as follows: "(4) Plaintiffs aver that on, to wit, the 8th day of November, 1904, plaintiffs were the owners of and in possession of the following described land, to wit: N. E. 1-4 of section 36, township 17, range 22, in Macon county, Alabama; that on, to wit, the said last-named day, the defendant unlawfully broke and entered upon said lands, took down a fence standing upon the said lands of the plaintiffs, and removed the same, to the damage of plaintiffs in the sum of $100." Count 9: "Plaintiffs claim of the defendant the further sum of $500, for this: That on, to wit, the 1st day of September, 1906, and on divers days between the 1st day of September, 1906, and the 29th day of December, 1907, the defendant unlawfully broke and entered upon the plaintiffs' land, to wit, the N. E. 1-4 of section 36, township 17, range 22, in Macon county, Alabama, except that part of said land which was in the possession of one Segrest, and cut timber on said land, to wit, 200 pine trees, and carried the same away, and otherwise injured said premises, all to the damage of plaintiff of $500, as aforesaid."

W. K. TERRY, for appellants. The court erred in refusing plaintiff's written charge 13.—*Anderson v. Mc-Lean,* 56 Ala. 621; *Dodge v. Irvington L. Co.* 48 South. 383; *Wiggins v. Kirby,* 106 Ala. 262; *Strange v. King,*

84 Ala. 212; *Butler v. Butler*, 32 South. 579. In trespass quare clausem fregit for injury to the possession, if no actual possession is shown, the right of recovery depends upon the title, which draws to it constructive possession.—*Shipman v. Baxter*, 21 Ala. 456; *Gillespie v. Dew*, 1 Stewart, 229; Code 1907, section 2455. Remaindermen, prior to Code of 1907, could maintain trespass on the case for an injury to the freehold or tresspass de-bonis for cutting and carrying away timber.—*Zimmerman v. Daffin*, 42 South. Rep. 862; 15th Am. & Eng. Ency. Pl. & Pr. p. 519, and under Code 1907 they can maintain *trespass* for an injury to the freehold. —Code 1907, section 2455. Mixed possession, no other right or title being shown in either party, he who first acquired the actual and exclusive possession may maintain trespass for the exportation of a fence put on the land by him.—Sutherland on Damages, Vol. 4, 3rd Ed., Sec. 1009; *Garrett v. Sewell*, 18 South. Rep. 737. Where neither party has the true title, the older possession gives the better right and such right is not defeated by a subsequent entry and occupation by the opposing claimant until it has ripened into title by adverse possession. —*Reddick v. Long*, 124 Ala. p. 267; *Anderson v. Mc-Lear*, 56 Ala. 621. Actual and continuous possession of land is essential to adverse possession whether with or without color of title.—*Doe Ex. Dem., Ala. State Land Co. v. McCullough*, 46 Sou. Rep. 472. Possession by an intruder without color of title extends only to the part actually occupied, though he occasionally cuts timber from the unenclosed portions.—*Burks v. Mitchell*, 78 Ala. 61; *Chastang v. Chastang*, 141 Ala. 451; *McDaniel v. Sloss Co.* 44 South. Rep. 391. Constructive desseisin or ouster, or mere constructive possession, such as title alone gives, is not sufficient to give title by adverse holding.—*Beasley v. Clark*, 14 South. Rep. 744.

One who enters into the possession of unoccupied lands without any claim of right or title, and for the purpose of keeping the true owner out of possession, is a trespasser.—*McCall's Admr. v. Capehart and Harbin,* 20 Ala. 521. Tax books as evidence, amounts to nothing more than claim of ownership and extent of same.— *Doe v. Anniston City Land Co.* 37 South. Rep. 424; *Chastang v. Chastang,* 37 South. Rep. 799; *Knight v. Hunter,* 46 South. Rep. 235. Tax books are the best evidence of who returns property for assessment.—*Doe v. Anniston City Land Co.* 37 South. Rep. 424. Taxes the mere payment of by one and an occasional trip over land by himself or his agent in looking after it, does not without more constitute possession.—*Reddick v. Long,* 124 Ala. 267. Merely acting as agent to keep off trespassers is not actual possession.—*Chenault v. Quisenberry,* 81 S. W. 690.

O. S. LEWIS, and J. E. DANIELS, for appellee. On motion to strike bill of exceptions, counsel cite the following.—*Ned v. The State,* 7 Port. 187; *Bourne v. The State,* 8 Port. 458; *Ex parte Knight,* 61 Ala. 486; *Pearce v. Clemmons,* 73 Ala. 257; *Camp v. Morgan County,* 91 Ala. 240. By a failure to incorporate the provisions of section 612, Code 1896, into the Code of 1907, the same was repealed. The action cannot be maintained unless the plaintiff is in the actual or constructive possession of the land.—*Lockhardt v. Barton,* 18 Ala. 190; *Street v. Nelson,* 80 Ala. 230; *Alder v. Preswood,* 122 Ala. 374. The plaintiff must show title and right of possession.—*L. & N. v. Smith,* 141 Ala. 335; *Garrett v. Sewell,* 108 Ala. 521; 91 Ala. 505; 99 Ala. 43; *Street v. Nelson,* 80 Ala. 230; *Beatty v. Brown,* 76 Ala. 267; *Cooper v. Watson,* 73 Ala. 252; *Boswell v. Carlisle,* 70 Ala. 244. This action cannot be made to take the place

of ejectment.—*Stewart v. Tucker,* 106 Ala. 321;—*Beatty v. Brown, supra.*

MAYFIELD, J.—This appeal was submitted on motion to strike bill of exceptions, and on the merits.

## On Motion.

It is insisted by appellee that the bill of exceptions must be stricken on the sole ground that there is now no authority in this state for reserving or taking a bill of exceptions on the trial of a civil action like the one appealed from in this case; and that such a bill, if attempted to be taken, would be without warrant of law, and could not become a part of the record on appeal to this court.

It is practically conceded by appellee that bills of exceptions are yet authorized in certain specific cases, such as those of nonsuit, motions for new trial, and criminal cases, and that rulings on requested charges therein may be reviewed by bill of exceptions as heretofore; but that the action or rulings of the trial court on the evidence and on matters other than those indicated, are not authorized to be reviewed as was the case prior to the adoption of the Code of 1907.

It is not denied that the right to a bill of exceptions existed in the trial of all civil cases in courts of law, prior to the adoption of the Code of 1907. In fact, it is insisted that it was the adoption of the Code of 1907 which denied the right to such bill, except in the particular cases above enumerated.

This radical change in the practice in this state is claimed to have been wrought by the omission of section 612 of the Code of 1896 from the Code of 1907. It is claimed that this was the sole authority for the right to a bill of exceptions, in the trial of all civil

cases, and that its omission from the Code of 1907 worked its repeal, and that there is now no law authorizing the bill of exceptions except in the specific cases otherwise specially provided for; that is, that there is not now any general statutes authorizing the taking of bills of exceptions, or constituting them a part of the record on appeal to this court. It is true that this section of the Code of 1896 (612) which was omitted from the Code of 1907, was the particular section which expressly conferred the authority for a bill of exceptions in all civil cases; but it was not the whole of the general law upon the subject of bills of exceptions. It was only a small part of the whole law. It never did operate, at any period of its existence, as the whole of the general law of this state regulating authority to take or reserve a bill of exceptions in the trial of civil cases, but was merely part of a statute passed by the Mississippi Territorial Legislature. It, and other parts of that original statute which applied to the trial of all civil actions in courts of law, remained the law, or parts of the law, of this state, from the time of the passage of the act down to the adoption of the Code of 1907, at which time it was omitted; but other parts of that original act of which it formed only a very small part, are still retained in the Code of 1907, and are yet parts of the law of this state as to bills of exceptions.

While, as before stated, it was a part of the original act which expressly authorized the bill in all civil cases, yet the other parts of the original act and of the Code of 1907 implied, if not expressly authorized, the bill in all civil cases. We cannot conclude that the Legislature, by merely omitting this section from the Code of 1907, intended to deny the right or authority to have a bill of exceptions in these cases as to which it existed during the entire history of the state, and to

9—171.

limit it to the specified cases which had been specially provided for. There is not a word in the Code nor in the act adopting it, expressive of any such intention. Other sections of the Code, pertaining to bills of exceptions generally, are retained in the Code, which were in all former Codes and which were parts of the general law of this state as to bills of exceptions long before there was a Code, and long before any bill of exceptions was authorized in criminal cases, or in applications for new trial, or in cases of nonsuit. There is nothing to show that these sections thus retained in the Code of 1907, which were theretofore parts of the entire system of law as to bills of exceptions, now apply only to motions for new trial, to criminal cases, nonsuits, or probate proceedings. While parts of them may apply to these specific cases, it does not follow that they are limited to such cases.

Section 3016 of the Code of 1907 provides that it is not necessary to except to the ruling of the court in giving or refusing requested charges; nor need the bill of exceptions state that exception was reserved thereto, This section certainly contemplates a bill of exceptions in all cases in which charges are requested. It certainly could not apply to motions for new trial, because they are before the court without a jury. There is nothing in this section to show that there can only be a bill of exceptions as to charges requested and nothing more. It merely says that as to such charges, the party need not except on the trial, and the bill need not recite that exception was reserved.

Section 3017 is intended only to authorize bills of exceptions by a plaintiff who is forced to take a nonsuit; without this specific statute a party could not complain of a judgment which was rendered at his instance, but with it the action of the court, necessi-

tating the nonsuit, may be reviewed on appeal by a bill
of exceptions. But even this statute says that the ques-
tions may be reserved by a bill of exceptions or by ap-
peal on the record, as in other cases, thus showing clear-
ly that it is not in cases of nonsuit only that bills of
exceptions are authorized; and yet this is the only spe-
cific or special case for bills of exceptions that is men-
tioned in the entire chapter (59) of the Code pertain-
ing to bills of exceptions.

The provisions as to bills of exceptions in the other
specific cases are in different chapters, and some in
different volumes of the Code. The provisions as to
bills of exceptions as to new trials, and as to those in
probate proceedings, are in the chapters of the Code
relating to appeals. See sections 2846 and 2863, in the
chapter of "Appeals." The provision as to bills of
exceptions in criminal cases is in the Criminal Code,
under the chapter of "Appeals" (Code 1907, § 6243),
and it, like the section as to nonsuit, expressly provides
that the bill of exceptions "shall be taken and signed
by the presiding judge as in civil cases," clearly refer-
ring to the chapter of the Civil Code as to bills of ex-
ceptions, which is the only reference as to how or when
the exceptions shall be taken or the bill signed. There
is nothing in that section or chapter in the Criminal
Code to show that the phrase there used—"as in civil
cases"—refers to motions for new trial, to nonsuit, or
to probate proceedings; but, on the contrary, it clearly
does not refer to those special provisions, because no
appeal is authorized in criminal cases from motions
for new trial, or from nonsuit, and criminal trials are
not had in probate courts. So this section in the Crim-
inal Code clearly refers to the chapter in the Civil Code
as to bills of exceptions.

[Lee, et al. v. Raiford.]   .

Section 3019 of the Code of 1907 provides that "Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered." There is nothing in this section to limit the "bills of exceptions" to motions for new trial, nonsuits, of criminal trials.

Section 3020 of the Code provides that the bill of exceptions may be stricken because not signed within the time required by law. Section 3019 is the only law as to the time in which it must be signed. And there is nothing in these sections to limit them to any specific statutes other than those mentioned in this chapter. While they may apply to all general or special laws, there is nothing limiting them to the special.

Section 3021 makes it a high misdemeanor in office for a judge to refuse to sign a bill of exceptions which truly states the facts. This section has been amended, and was amended by the last Code, but there is nothing in it to show that it does not extend to all the cases that it ever extended to. It, or the substance of it, was a part of the original statute passed by the Legislature of the Mississippi Territory. There is therefore no expression in any one of the sections under the entire chapter, except section 3017, limiting or restricting bills of exceptions, or to show that they are not now allowed in all cases in which they were allowed under the Code of 1896. Moreover, section 3227 of the Code of 1907 provides, among other things, that "All rules now in force, which have been adopted by the Supreme Court, not contrary to the provisions of the Code, are recognized." At the adoption of the Code, rules 32 and 33, for the practice of circuit and inferior courts, had been adopted by the Supreme Court and were in force; and these rules provided for bills of exceptions, and how they should be framed, and how the exceptions should

be reserved. These rules clearly extend to bills of exceptions in the trials of all cases, civil or criminal, in circuit and inferior courts. Rule 32 reads in part as follows:

"Bills of Exceptions. How Framed—Bills of exceptions taken in trials before a jury shall not contain a statement of the testimony, nor of any portion thereof, in extenso, except in one of the following cases:

"(1) When the general charge is asked in good faith, to be judged by this court.

"(2) When the inquiry questions the legality or pertinency of a question to a witness, or his answer; in which case, enough of the testimony, or the tendencies of the testimony, may be stated, to show the legality or pertinency of the question or answer, or to show the contrary.

"(3) When a charge is asked and refused, the tendency of the testimony may be stated to an extent sufficient to show the charge is not abstract."

"Exceptions to Rulings on the Introduction of Testimony. How to be Reserved—When, in the progress of the trial of any cause in a court of original jurisdiction, objection, and exception are reserved to the introduction of testimony that is not patently illegal, or irrelevant, such exception will not be considered an error, unless the record shows that the grounds of objection were specified. In all cases, the presiding judge, before ruling on any objection to testimony, may call on counsel to specify the grounds on which it is rested; and the appellate court, in revising such decision, must consider only the grounds of objection which are shown to have been clearly specified."

If there is nothing in the Code contrary to these rules, they are part of the law of this state, by the express will of the Legislature, aside from whatever inherent power

this court may have to establish or promulgate rules of procedure or practice.

It is not claimed by appellee that there is anything in the Code that prevents or denies the right to a bill of exceptions in all cases, but it is insisted that the lack of authority is due solely to an omission from the Code of a former section which expressly authorized the bill.

These rules show that rulings on evidence may be made the subject of review by bills of exceptions, as well as rulings on charges, and that such rulings may be thus reviewed in all cases tried in the circuit or other inferior courts. The motion to strike the bill of exceptions must therefore be denied.

## On the Merits.

Appellants sued appellee in trespass as to certain lands described in the complaint. The trial was had alone upon the issue of not guilty, which resulted in a verdict and judgment for the defendant. From this judgment plaintiffs appeal.

A great number of errors are assigned as to rulings on evidence and on charges; but for reasons to be stated, it is unnecessary to consider these seriatim.

The plaintiffs relied solely for right of recovery "(1) upon title; (2) upon prior actual possession." This is conceded by appellants in brief of their counsel.

Under the law of this state applicable to this case, when applied to all the evidence (that offered as well as that received), the plaintiffs could not and should not have recovered in this action, because they utterly failed to make out their case, even prima facie.

The reporter will set out counts 4 and 9 in his report of this case. It will be observed that each count alleges ownership of the land in plaintiffs. Each alleges con-

junctively trespass quare clausum fregit and de bonis
asportatis.  It is axiomatic to say that in order for plain-
tiffs to recover they must prove all the material allega-
tions of at least one count of the complaint when the
trial is had upon the general issue.  Plaintiffs utterly
failed to prove title to the land, or to prove possession
thereof at the dates of the alleged trespasses.  Count 4
alleges that the trespass was committed on the 4th day
of November, 1904; and count 9, that it was committed
on divers days between the 1st day of September, 1906,
and the 29tth day of December, 1906.

The only source and evidence of documentary title
claimed by plaintiffs was a sheriff's deed to J. W. Brad-
ford, dated February 9, 1878; the will of J. W. Bradford,
who died October 12th, 1889, devising the land to his
wife during her lifetime, and the remainder to the com-
plainants; and a deed from the life tenant to the com-
plainants, the remaindermen, dated November 15th,
1904.  It was not shown that the defendant in execution
had any title or any possession at the date of the levy
or sale under the execution.  In fact, it was conclusively
shown that he was then, and had been continuously
for several years before the levy and sale, a nonresident
of the state; and it was not shown that anyone else
was in possession for him.  The most that was shown
on this subject was that it was sometimes called the
"Orr place"—Orr being the name of the defendant in
execution—but this was shown to have been true until
after the levy and sale.

There was no evidence at all that could be said to
show possession on the part of Orr, or on the part of
J. W. Bradford.  The most that could be said of the
evidence for plaintiffs, on this subject, was that it tended
to show a claim by J. W. Bradford.  But he was not
shown to have ever had the possession, nor at any time

—from the date of the sheriff's deed to the time of his death (a period of nearly 10 years)—to have ever assessed it for taxes, paid any taxes, or used it in any way. It was shown that during this period he knew that one Abercrombie was claiming the land and was selling and using the timber therefrom; that he saw the timber being cut and made no objection thereto; that, on the contrary, at that very time, he had employed this very defendant to trace the line between his land and this land in question from which the timber was being cut, so that the timber cutters would not get upon his land, and that the cutters did actually get over the line, a short distance, and that he made them pay for the trees cut on his land, but made no claim for the timber cut from the land in controversy. After his death neither the life tenant nor these plaintiffs ever assessed the land for taxes, until the year 1904. At this time the life tenant and one of these remaindermen made an attempt to take possession, by having one string of wire put up on parts of the land, not, however, inclosing it, or any part of it, completely; and by having some notices or warnings to trespassers put up on the land. The wire and notices remained there but a few weeks, when they were removed by the defendant under the direction of Mrs. Abercrombie, who claimed to be the true owner, and, in conjunction with her husband, to have paid the taxes on the land for a period of 20 years and to have used and sold timber therefrom during that time. It was the removing of this wire and these notices that is claimed to have constituted the trespass declared on in the fourth count. So, on the date of the first alleged trespass, these parties had neither the possession nor the right of possession; as their own claim shows that at that date the life tenant only had the right to the possession, the plaintiffs not having

acquired her title until the 15th day of November, and the trespass being alleged to have occurred on the 8th day of November. And of course that deed did not pass the right of action, if the life tenant had any such.

As to the ninth count, there was no evidence whatever to show that plaintiffs were in the possession at the date of the alleged trespass. And as they had utterly failed to show title or ownership they of course showed no right of recovery as to this count.

It is the settled law of this state that trespass quare clausum fregit or de bonis asportatis cannot be employed as a substitute for ejectment. There is a clear landmark between actions of trespass to land and actions of ejectment therefor, which should not be broken down . by allowing the one to be substituted for the other.—Sedg. & Waite on Trials to Land, §§ 93, 178; *Potter v. New Haven,* 35 Conn. 520, 522. This same doctrine has been often declared by this court. See cases of *Cooper v. Watson,* 73 Ala. 252; *Beatty v. Brown,* 76 Ala. 267, 269; *Stewart v. Tucker,* 106 Ala. 319, 321, 17 Southt. 385; *Rogers v. Brooks,* 99 Ala. 31, 11 South. 753, s. c. 101 Ala. 111, 13 South, 386; *White, McLane & Morris v. Farris,* 124 Ala. 461, 27 South. 259; *Aldrich Co. v. Pearce,* 169 Ala. 161; 52 South. 911.

The lands were wild or woodland, never having been in cultivation, and having been assessed and used by Mrs. Abercrombie and her husband, for the purpose of obtaining timber therefrom, for more than 20 years. The only act of the plaintiffs amounting to an attempt to take actual possession had occurred in the year 1904, when they or the life tenant put up a wire and notices on parts of the land; and these, as has been shown, were taken down by Mrs. Abercrombie, through her agents, soon after they were put up.

The whole case necessarily resolved itself into the question, Which gave the better title to the land, the execution sale and deed to plaintiffs, or the tax deed to Mrs. Abercrombie? That question could not be determined in this action for the reasons above shown. If the law were otherwise, and the title could be settled on this trial, the plaintiffs could not recover, for the reason that their claim of title is founded solely upon a sheriff's deed—an execution deed—and it is not shown that the defendant in execution had any title to be passed by the execution sale and deed. This question was expressly decided by the Supreme Court of Kentucky, in the case of *Phillips v. Beatville Timber Co.,* 88 S. W. 1058. It was there held that a plaintiff could not recover in trespass to land, where he showed no title from the government or commonwealth, but showed only a sheriff's sale and deed against a defendant who was not shown to have had title.

So, in no event were the plaintiffs entitled to recover, under either count of the complaint; and the trial court should have given the general affirmative charge for the defendant. This being true, no possible injury could have resulted to plaintiffs from any of the adverse rulings of the trial court complained of. This result would likewise have been true had the court admitted all the evidence offered by plaintiffs, and rejected all that of the defendant which was challenged by the plaintiffs.

Affirmed. All the Justices concur in the conclusion.