# Watters *v.* Ezell.

## *Trespass.*

(Decided November 7, 1914.  66 South. 443.)

1. *Trespass; Issues; Title.*—Where a plaintiff claimed title by perfected adverse possession to land which was in the actual possession of defendant, who also claimed by adverse possession, the issue of plaintiff's title was direct and not merely incidental, for the purpose of showing constructive possession, and he could not, therefore, maintain trespass, but is remitted to his action in ejectment.

2. *Trespass; Evidence; Possession.*—The evidence examined and held not sufficient to show that plaintiff was in actual possession of certain unenclosed, swampy woodland at the time defendant cut timber therefrom.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Charles T. Ezell against John A. Watters, for damages for trespass to realty.  Judgment for plaintiff and defendant appeals.  Reversed and remanded.

R. P. ROACH, STEVENS, LYONS & DEAN, and OSCAR L. GRAY, for appellant.  Under the evidence in this case defendant had actual adverse possession of said land which had continued for more than thirty years at the time of the trespass.—*Black v. Tenn. C. I. & R. R. Co.,* 93 Ala. 111; *Burkes v. Mitchell,* 78 Ala. 73; *Ala. St. L. Co. v. Matthews,* 168 Ala. 206; *Doe ex dem. v. Edmondson,* 127 Ala. 464.  The evidence nowhere brings the plaintiff within the class of one having possession.—*Zimmerman M. Co. v. Dunn,* 163 Ala. 276; *Jackson L. Co. v. McCreary,* 137 Ala. 282.  Plaintiff was remitted to

the action of ejectment as a personal action cannot be substituted therefor.—*Cooper v. Watson,* 73 Ala. 255; *Lee v. Raiford,* 54 South. 547. The legal fiction of constructive possession exists only in the absence of actual possession.—*Wood L. Co. v. Williams,* 157 Ala. 76; *So. Ry. v. Hall,* 145 Ala. 227.

McDaniel & Whitfield, for appellee. Bare possession authorizes recovery of damages for wrongful interference therewith.—§ 2454, Code 1907. The evidence discloses that those through whom defendant claims often stated that they did not own the land, and acknowledged the title of Mrs. Johnson, and were never in possession. If this be true their conveyance was void as to the adverse possessor.—*Murray v. Hoyle,* 92 Ala. 569. It is competent to show by parol evidence statements of facts within the personal knowledge of the witness concerning land.—*Barron v. Barron,* 122 Ala. 194; *Doe ex dem v. Edmondson,* 127 Ala. 461.

McCLELLAN, J.—The plaintiff, appellee, was accorded a judgment for $10 damages, as found by the jury, for trespass by the defendant, appellant, upon lands described in the complaint and for cutting and removing timber therefrom. Neither party litigant was able to trace his asserted title or right back to the government.

Taking a view of the facts of the utmost favor to the plaintiff, the controlling issue on the trial was this: In which of the parties litigant had adverse possession, under color of title, effected to vest the title to the land? The act and result of the alleged trespass by the defendant was so far indisputably established as to hinge the right vel non of the plaintiff to recover upon the inquiry whether the plaintiff had acquired title to

the land, whereupon to predicate a finding that defendant's act in the premises was a trespass.

It is, of course, established doctrine that a transitory action of the nature of that instituted by this plaintiff cannot be substituted for the action of ejectment, with the consequence that a *direct* inquiry into the title to land may be had and the ascertainment of the repository of the title may be effected.—*Pearce v. Aldrich Mining Co.,* 184 Ala. 610, 64 South. 321; *Lee v. Raiford,* 171 Ala. 124, 137, 54 South. 543. It is manifest from the evidence that these parties had each made claim of ownership of the land in controversy. Under the plaintiff's theory, the assertion and prevalence of his right to recover rendered it necessary for him to show an adverse possession adequate to his theretofore perfected investment with the title to the land. From his viewpoint there was no other issue to be solved by the court. The dominant, dominating inquiry being one of title, it could not be affirmed that the stated inquiry was only *incidental,* and not *direct,* within the accepted doctrine of our cases.—*Cooper v. Watson,* 73 Ala. 252, 254, et seq.; *Lee v. Raiford, supra; Pearce v. Aldrich Mining Co., supra.* It cannot be contended under the evidence that plaintiff was in the *actual* possession of the land at the time the alleged trespass was committed. His possession at that time must have been, if existing, of a constructive nature only, predicated of title in him, which, in turn, depended upon title vel non theretofore perfected by adverse possession by him, or by those to whose rights he claims to have succeeded.

The declaration of plaintiff's witnesses that plaintiff, or those through whom he claims, was or were "in possession" of this uninclosed, swampy woodland; that plaintiff and those through whom he claims asserted, upon occasions, that he or they were "in possession" of

such lands; that taxes were paid by plaintiff and his predecessors in claimed right; and that occasional entries on the land were made by plaintiff and by those through whom he claims—were insufficient to establish plaintiff's *actual* possession of the *land at the time the alleged trespass was committed.—Zimmerman v. Dunn,* 163 Ala. 272, 50 South. 906; *Reddick v. Long,* 124 Ala. 260, 267, 27 South. 402; *Chessen v. Harrelson,* 119 Ala. 435, 24 South. 716. The undisputed evidence is that defendant was in actual possession of the land in question at the time of the alleged trespass. The title to the land in the complaint must be determined, if at all, between these parties, by the appropriate action of ejectment. The affirmative charge was, therefore, erroneously refused defendant.

All other questions are necessarily unimportant in this action. The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.