# Mobile & Girard Railroad Company *v.* Cogsbill.

### *Statutory Action in nature of Ejectment.*

1. *Acts or declarations of agent, as evidence against principal*—The acts or declarations of an agent or officer of a corporation, in recognition of an adverse claim or right, are not admissible as evidence against his principal, unless authorized, or subsequently ratified.

2. *Condemnation proceedings for right of way, as color of title.*—Statutory proceedings for the condemnation of a right of way by a railroad company, even though invalid for irregularities of procedure, may constitute color of title, under which adverse possession being held continuously for more than ten years, with suitable user, a title may be acquired sufficient to defeat an ejectment.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Mrs. Mary H. Cogsbill against the appellant, a domestic corporation, to recover the possession of a small strip of land, with damages for its detention; and was commenced on the 19th March, 1888. The strip of land was about sixty-five or seventy feet wide, by one hundred and fifty feet long, extending through a four-acre lot claimed by plaintiff, to the railroad bridge across the Chattahooche river on the east; being the defendant's railroad track and right of way, on which a house had been lately erected by the defendant for the watchman of the bridge. The defendant pleaded not guilty, and the statutes of limitation of ten and twenty years; and issue was joined on these pleas.

On the trial, as the bill of exceptions shows, the plaintiff offered no written evidence of title, but proved her continuous occupation and possession of the four-acre lot, with the dwelling-house on it, since 1838. This lot had been inclosed with a fence, prior to the defendant's possession of the premises now sued for; and after the construction of the defendant's track and depot buildings, plaintiff had moved up this fence around the other parts of the lot. The house on

the premises sued for was erected only a few months before the commencement of this suit. During her examination as a witness, plaintiff's counsel asked her, "whether the defendant, or any officer of the defendant, ever proposed to her to buy any of the premises on which she lived, and which was at the time uninclosed;" and she answered, "that Mr. Clark, the superintendent of defendant's road, offered to pay her $50 for that portion of said land lying on the north side of her fence, and south of the railroad track, but that she refused the offer." To this question and answer, each, the defendant objected, and duly excepted to their allowance and admission. The plaintiff testified, also, "that about two months before the commencement of this suit, Mr. Brittingham, defendant's supervisor, sent word to her that he intended to build a house on the land now sued for, and wished to know if she had any objection thereto; to which she replied, that she did object, and that she would sue the defendant for it if he did."

The defendant was incorporated, under the name of the Girard Railroad Company, by an act of the General Assembly approved January 21st, 1846; and its corporate name was changed by another act, approved January 30th, 1854. One section of its charter gave it power to acquire the right of way for its road, by proceedings instituted before a justice of the peace, which were required to be returned to the Commissioners Court of the county for approval and confirmation. Under this statutory power, proceedings were instituted by the defendant, in December, 1852, for the condemnation of the right of way through the lands now claimed by the plaintiff; and these proceedings were returned to the Commissioners Court, by which they were ratified and confirmed. A certified copy of these proceedings was offered in evidence by the defendant, and admitted without objection. The plaintiff was not a party to these proceedings, and testified that she had no notice of them. The defendant proved the location and construction of its road through the strip of land thus condemned, and after the erection of the bridge across the river, "which was in 1868 or 1869," the erection of depot buildings on the land; and, also, the continuous and uninterrupted use of the premises, for railroad purposes, until the commencement of this suit.

On these facts, the court charged the jury, on request of the plaintiff, as follows: "The jury may look at any act of the defendant corporation, done by its officers during the ten

years claim of adverse possession, and shown by proof, if such be the case, to show that they recognized plaintiff's title; and if, from such facts, they believe that the railroad did recognize her title, then the defendant can not set up adverse possession against her." The defendant excepted to this charge, and requested the court to instruct the jury, that they must find for the defendant, if they believed the evidence. The court refused this charge, and the defendant excepted.

The admission of the evidence objected to, the charge given, and the refusal of the charge asked, are now assigned as error.

NORMAN & SON, for the appellant, cited Boone on Corporations, §§ 130–32; *Stovall v. Fowler*, 72 Ala. 77; *Ryan v. Kilpatrick*, 66 Ala. 332; *Brady v. Huff*, 75 Ala. 80; *Childress v. Calloway*, 76 Ala. 128; *Watson v. Mancill*, 76 Ala. 600; *Bell v. Denson*, 56 Ala. 444; *Dothard v. Denson*, 75 Ala. 482; *Riggs v. Fuller*, 54 Ala. 141; *Ladd v. Dubroca*, 61 Ala. 25.

SOMERVILLE, J.—It was not permissible to prove that any of the officers of the railroad company recognized the title of the plaintiff to the land in controversy by offering to purchase a part of the premises from her, unless the authority of such officer was first established, or was shown to have been afterwards ratified by the corporation company. The company would not be bound, nor should its legal rights be prejudiced, by unauthorized acts or declarations of its officers beyond the scope of their agency.—*Stanley v. Sheffield Land, Iron & Coal Co.*, 83 Ala. 260. For the error of the Circuit Court in admitting evidence of this objectionable character, the judgment must be reversed.

The condemnation proceedings in the Commissioners Court of Russell county, even though invalid for irregularities of procedure, certainly constituted color of title, under which the defendant company adversely held the premises in controversy for more than ten years. This possession of the land was not only continuous, but was asserted by a user suitable to its nature and adaptability, and the purposes for which it had originally been sought to be condemned. The court, in our judgment, erred in refusing to give the general affirmative charge in favor of the defendant.

Reversed and remanded.