# Cogsbill *v.* Mobile & Girard Railroad Company.

*Statutory Action in nature of Ejectment.*

1. *Actual and constructive possession.*—Actual possession of part of a tract of land, under color and claim of title to the whole, is constructive possession of the entire tract, in the absence of proof of actual possession by an adversary claimant.

2. *Condemnation proceedings for right of way, as color of title.*—The condemnation of a right of way for a railroad, by statutory proceedings, may constitute color of title, when possession has been taken and held under it, notwithstanding irregularities which might render it invalid, and although the owner had no notice, or the assessed value of the property was not paid.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellant, Mrs. Mary H. Cogsbill, against the appellee corporation, and sought to recover the possession of a small strip of land, with damages for its detention. The strip of land sued for was about 65 or 70 feet in width, and about 150 feet long, extending through a four-acre field, claimed by plaintiff; and was the defendant's road-bed and right of way, on which a house had lately been erected by the defendant. The plaintiff based her claim on the continuous and adverse holding of the strip ever since 1838. The defendant based its defense upon the adverse possession, which was secured under color of title given to it by virtue of condemnation proceedings. The facts of the case are substantially the same as those recorded in the statement of facts on the former appeal of this case in 85 Ala. 456; and special reference is here made thereto.

There were several rulings of the court upon the evidence,

which it is unnecessary to notice here.  Upon the introduction
of all the evidence, the court gave the general affirmative
charge for the defendant, which was excepted to by the
plaintiff.  There was judgment for the defendant; and the
plaintiff brings this appeal, and assigns the various rulings of
the lower court upon the evidence, and the giving of the
charge asked for the defendant, as error.

J. F. WADDELL, and WATTS & SON, for appellant.

NORMAN & SON, *contra*, cited *M. & G. R. R. Co. v. Cogsbill*,
85 Ala. 456.

WALKER, J.—When this case was here on the former ap-
peal it was held that the Circuit Court had erred in refusing to
give the general affirmative charge in favor of the defendant.
*Mobile & Girard Railroad Co. v. Cogsbill*, 85 Ala. 456.  The
giving of that charge on the last trial is now assigned as error.
The plaintiff did not claim to have any paper or record title
to the land.  She relied alone upon her former possession.
The uncontroverted proof showed that the defendant had been
in actual possession of a portion of the land sued for since
1869, and that prior to this actual possession it had acquired
color of title to the entire tract.  Posessession taken after the
acquisition of color of title is to be referred thereto, and is to be
construed as co-extensive with the boundaries described in the
instrument or record constituting such color of title.—*Lucy v.
Tenn. & Coosa R. R. Co., supra*, p. 246; 8 So. Rep. 806; *Burks
v. Mitchell*, 78 Ala. 63; *Stovall v. Fowler*, 72 Ala. 78.  There is
no support for the contention now urged that the evidence
failed to show that the defendant claimed to own the land of
which it has been in possession for so long a time.  Its acts in
building its railroad and other structures appurtenant thereto
on portions of the tract, and in maintaining an exclusive con-
trol and dominion, not in subordination to any one else, clearly
evidence the continued assertion of such claim.  And the tes-
timony of the plaintiff herself shows knowledge on her part
that defendant's possession was accompained by claim of right.
She sought merely to limit the extent of such claim, saying
that she "was not aware that defendant claimed any of the
land not actually occupied by its track."  It is plain that she
knew of the defendant's possession and of its claim to so much of
the land as was actually occupied.  She relieved the defendant
of the burden of proving a claim of ownership.  And as posses-
sion of part of a tract under color of title is, in law, so far at
least as such result is not precluded by another's actual ad-.

verse occupancy, to be regarded as actual possession of the entire tract described in the possessor's defective muniment, the defendant's possession and claim since 1869 must be treated as covering the land in question and as having continued for such a length of time as to bar any right of the plaintiff, who, as to the land involved in the suit, has had no possession sufficient to maintain ejectment since she was ousted during the war. This result would not have been affected by proof that the defendant had or had not paid plaintiff for the land, or that the plaintiff had or had not received notice of the condemnation proceedings, or that defendant had at some time sought or acquired other claims to the land than that founded on the condemnation proceedings and adverse possession thereunder; and the questions in reference to these matters were properly disallowed, or, at any rate, if there was any error in the rulings in regard thereto, it was error without injury.

On the former appeal it was held that the condemnation proceedings constituted color of title. On the last trial the record of a subsequent proceeding in the Court of County Commissioners was offered in evidence. The purpose, perhaps, was to show that the defendant did not claim under the original proceedings. If the proof had been admitted it would have shown no more than an unsuccessful attempt on defendant's part to avoid the result of the first assessment. The effect of the subsequent order was to leave the orignal proceeding in tact and unaffected, so that the proof of that order was wholly irrelevant. The defendant's possession is to be referred to the order made in the original proceeding.

Other questions sought to be raised by the assignments of error are either covered by the rulings on the former appeal, or are plainly ineffectual to change the result which necessarily follows from the application of the rule that the defendant's actual possession is to be regarded as co-extensive with the description of the land in the condemnation proceedings.

Affirmed.