# Powers, *et al.* v. Hatter, *et al.*

## *Trespass Q. C. F. and Trover.*

(Decided Nov. 14, 1907.   44 So. Rep. 859.)

1. *Trespass; Requisite of Action; Possession; Title.*—As the plaintiff must show actual possession or title giving constructive possession to maintain trespass, evidence that plaintiffs rode along a highway running through the land in question on several occasions, and paid taxes a few times was not sufficient to show such actual possession.

2. *Same; Possession of Defendant.*—Where the defendants proved actual possession, a plaintiff in trespass could not recover, as they could have no possession, actual or constructive although they may have had the title.

3. *Trover and Conversion; Title; Possession.*—Plaintiffs may recover on their title in trover although they did not have possession.

4. *Same; Burden of Proof.*—In an action for trover for timber taken from land, it was admitted that title to the land had been in plaintiff's ancestor, and defendant could defeat recovery only by showing that such title had become divested.

5. *Same; Outstanding Interest; Defense.*—Plaintiffs in trover claim title as heirs of their mother and showed title from the other heirs

[Powers, et al. v. Hatter, et al.]

to themselves evcept as to the interest of one.   Held, such an out-standing interest was not a defense but served only to reduce plain-tiffs recovery.

6. *Acknowledgment; Identity of Person.*—An acknowledgment set-ting out an entirely different person from the one signing the deed is invalid and such deed is not self proving under the enabling record-ing act.

7. *Evidence;; Handwriting; Signature to Deed.*—A witness stated that she sent a deed to her brother in Colorado, that he signed and returned it to her and that she knew his handwriting, but did not state that the signature to the deed was in his handwriting.   Held, that her testimony as to the signing was incompetent as she did not see the act, and the other evidence was insufficient to admit the deed as evidence.

8. *Adverse Possession; Extent; Color of Title.*—The actual adverse possession of a house and a small parcel of land surrounding it, un-less the possessor had color of title to the larger tract. will not ex-tend the possession to such larger tract.

9. *Same; Declaration of Claim.*—Unless the declaration of adverse claim is made and recorded as required by section 1541, Code 1896, ac-tual possession of a house and cleared lands not held under color of title or some bona fide claim, is unavailing to bring' about an adverse holding.

10. *Trover and Conversion; Possession; Jury Question.*—Under the evidence in this case the question as to the plaintiff's actual pos-session of the land, other than that on which defendant's house stood and a small parcel of cleared land thereabout, was a question for the determination of the jury.

11. *Evidence; Best and Secondary Evidence.*—Although the facts may warrant an admission of secondary evidence, the party offering it must produce the best of that character of evidence within his power, or which appears to be within his power.

12. *Same; Predicate; Deeds; Destruction; Signing.*—Where defend-ant testified to the burning of certain deeds, and in order to lay a predicate had to describe them so as to show what papers were de-stroyed, evidence as to whose signature was attached thereto was ad-missible.

13. *Appeal; Admission of Evidence; Necessity of Objection in Trial Court.*—Where objection or exception was not taken to admission of evidence as to the contents of a lost deed after predicate laid, plaintiffs cannot, on appeal, raise the objection that there was better evidence of the contents and execution of a deed than that offered.

14. *Evidence; Best and Secondary.*—Defendants claimed under a deed alleged to have been burned and it was competent for them to prove the burning and the identity of the deed as among the paper destroyed.

16. *Same; Best and Secondary Evidence.*—The contents of letters alleged to have been written by a plaintiff to a defendant could not be shown by parol in the absence of evidence that plaintiff had made an effort to have the letters produced.

[Powers, et al. v. Hatter, et al.]

17. *Appeal; Evidence; Prejudice.*—Where a fact is admitted it is prejudicial to exclude evidence to establish such a fact.

18. *Witnesses; Corroborative Evidence.*—Defendants claimed that H. conveyed the land to their grantor which fact plaintiff disputed. Held, a receipt from H. to defendant's alleged grantor and testimony that the grantor claimed the land, was admissible as corroborative of defendant's claim.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Lula G. Powers and others against Thomas A. Hatter and others in trespass and trover for cutting and carrying away timber from certain land. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

L. H. & E. W. FAITH, for appellant. A clerical misprison in spelling or writing a man's name in the certificate of acknowledgement, where it clearly and certainly appears that he is the maker and signer of the deed and acknowledgement does not make the deed invalid.—*Shelton v. Altman*, 82 Ala. 315. The deed having been executed in Colorado, the presumption is, in the absence of all testimony on the subject, that the subscribing witnesses had their domicile there and appellants could rightly prove the deed by other testimony.—*Elliott v. Dyke*, 78 Ala. 156. The court erred in overruling objection to the question to the witness Hatter.—*Wisdom v. Reeves*, 110 Ala. 433. The grantee cannot prove a deed made to himself.—*Haynes v. Banks*, 132 Ala. 654; *Ballow v. Collins*, 139 Ala. 543; *Stamphill v. Bullen*, 121 Ala. 250; Cole 1896, section 1797. When a deed is directly in issue its execution can be proved only by the testimony of the subscribing witness, unless some excuse sufficient in law can be shown for not producing them. —*Patterson v. Kicker*, 72 Ala. 406; *Russell v. Walker*, 73 Ala. 315; *R. & D. R. R. o. v. Jones*, 96 Ala. 218; *Hous-*

*ton v. The State,* 114 Ala| 17.   If it should be conseded
that Flannagan who took the acknowledgement should
be treated as an attesting witness, then he should be
called or his absence accounted for.—16 Ala. 725; 33 Ala.
648.   Before oral evidence is admissible to prove the
contents of a  lost deed the absence of the original must
be sufficiently accounted for by the party offering it.—
*Elyton Land Co. v. Deney,* 108 Ala. 553; *Scotch Lbr.
Co. v. Sage,* 132 Ala. 606; *Echols v. Hubbard,* 90 Ala.
209; *King v. Scheuer,* 105 Ala. 558.   Statements as to
the source of his claim or title made by a party in pos-
session are not admissible.—17 Ala. 363; 18 Ala. 822;
23 Ala. 664; 30 Ala. 458; Id. 647; 69 Ala. 77; 74 Ala.
64; 110 Ala. 410; 131 Ala. 384.   The court's oral charge
was error.—*Davidson v. Woodruff,* 63 Ala. 435.   Unless
it is necessary to prove a constructive possession of land
the title thereto cannot be put in issue in these transi-
tory actions.—21 Ala. 458; 70 Ala. 247; 73 Ala. 252; 76
Ala. 269; 122 Ala. 367.   The acts of possession by ap-
pellees were not sufficient in law to establish title by ad-
verse possession.—*Lawrence v. State Land Co.,* 144 Ala.
528; *Alder v. Wood,* 122 Ala. 372.

McINTOSH & RICH, for appellee.   No notice was serv-
ed to produce the letters.—*Mooney v. Hough,* 84 Ala.
80.   The witness was here and her brother in Colorado
when the signature to the deed was made, and her evi-
dence was inadmissible.—*Nelms v. The State,* 91 Ala.
97; *State v. Givins,* 5 Ala. 754.   The receipt in connec-
tion with the testimony of Hatter was admissible.—
*Wyndham v. Reeves,* 110 Ala. 418.   It was not hearsay
to show that Davis had bought this land many years ago.
—*Anniston Land Co. v. Thompson,* 107 Ala. 461.   There
was no objection to the grantee testifying to the con-
tents of the deed.—Section 1794, Code 1896; *Potts v.*

*Coleman,* 86 Ala. 94.   Davis was dead and the testimony offered as to his statement while in possession of the land was admissible.—74 Ala. 64-69 Ala. 77; 102 Ala. 387; 73 Ala. 35.   The objection was not on the ground that it was hearsay, but on other ground.—*Brannan v. Henry,* 30 South. 92.   On the testimony as to the possession of the land by plaintiff defendant was entitled to the affirmative charge.—*Stewart v. Tucker,* 106 Ala. 319; *Cooper v. Watson,* 73 Ala. 252; *Beatty v. Brown,* 76 Ala. 267; *Carpenter v. Lewis,* 6 Ala. 682.   There was sufficient predicate to let in secondary evidence of the deed.—*Stewart v. Mitchum,* 135 Ala. 546.

ANDERSON, J.—In an action of trespass quare clausum fregit, the plaintiff, in order to recover, must show actual possession, or if there is no actual possession—no possessio pedis—then he can recover by proving title to the land, which gives constructive possession. —*Shipman v. Baxter,* 21 Ala. 456; *Garrett v. Sewell,* 108 Ala. 521, 18 South. 737.   The plaintiffs failed to prove actual possession of the land prior to and at the time of the alleged trespass.   The mere act of riding along the road which ran through the land on several occasions and paying tax on same a few times did not amount to actual possession.   Failing to prove actual possession, they were put to proof of title in order to establish a constructive possession.   Therefore, if the defendants showed actual possession, it would defeat plaintiffs' right to recover under the trespass count; for if defendants had the actual possession, there could be no possession on the part of plaintiffs, actual or constructive, even if they had the title.

It was not necessary, however, for the plaintiffs to have the possession in order to recover under the trover count, as they were entitled to recover in trover upon

the strength of their title, and, the title to the land having been admitted in their ancestor, the defendants could only defeat a recovery under said count by showing that the title had been divested. It was admitted that Margina Hall, the mother of the plaintiffs, had the title to the land, and plaintiffs traced title from the other heirs to themselves, save the Gilberts; but the failure as to the Gilbert interest merely cut down the amount of their recovery, but did not cut off the right to do so.

The acknowledgement to the Gilbert deed was not good, as it set out an entirely different person from the one signing the same and was not, therefore, self-proving under the enabling act as to recording conveyances. It may be that the presumption would be that the grantors and the subscribing witnesses were all in Colorado, and that the best obtainable secondary evidence was admissible to prove the execution of the deed; but such evidence was not introduced. While the witness testified that she knew the handwriting of her brother, she never proved that the signature was in his handwriting, but testified that she sent it to him in Colorado, and he signed it and returned to her. She did not see him sign it, and could not, therefore, testify that he signed it, and the trial court did not err in sustaining the defendants' objection to her evidence.

The defendants' counsel stated in open court that "they relied on their title to the land and would defend solely on their title to the land involved in the suit." The undisputed evidence shows that the defendant was in the actual possession of the house and a small parcel of land surrounding the same, through one Miles, for over 10 years; but this would not extend his possession to the entire tract, unless he had color of title thereto. Nor would his actual possession of the house and sur-

41 R

rounding cleared land be available to him, unless he held the same under color of title or some bona fide claim, as there was no proof of a recorded declaration as required by section 1541 of the Code of 1896. Therefore, while the defendants' evidence showed an actual possession of the entire tract by constantly cutting and hauling wood and timber, camping on and going over the land, and paying taxes on same, it was disputed by some of the plaintiffs' evidence, and it was a question for a jury as to the plaintiffs' actual possession of the land other than the house, and upon which the proof shows the timber was cut. The defendant also attempt-:d to show a paper title to the land by proving deeds from plaintiffs' mother to Davis and from Davis to himself.

While the English cases lay down the rule very broadly that there are no degrees in secondary evidence, the current of American authorities goes very strongly to show that, although the facts may warrant the admission of secondary evidence, the best kind of that character of evidence, which appears to be in the power of the party to produce must be offered.—*Harvey v. Thorpe,* 28 Ala. 250, 65 Am. Dec. 344. In the case at bar the defendant testified as to the burning of certain deeds, and had to describe them in order to lay a predicate by showing what papers were destroyed, and the trial court did not err in overruling the objection to the testimony of the defendants as to whose signature was affixed to the paper. Subsequently the witness testified that the deed was acknowledged before James Flanegan, and then testified as to the contents of the deed. It might be that there was better evidence of the contents and execution of the deed but there seems to be no objection and exception, except when the predicate was being established; hence we cannot put the trial court in

[Powers, et al. v. Hatter, et al.]

error in permitting proof of the contents of the Hall deed. As to the Davis deed, the defendants' testimony was competent to prove the burning and identity of said deed as being among those destroyed, and the contents was proved by one of the subscribing witnesses, Sarah Lister.

Notwithstanding the court did not err in permitting proof of these deeds, we think it clearly erred in giving the general charge for the defendants. There were many facts and circumstances to create inferences that the deeds were never made, and whether they were or not, was a question for the jury. While the defendant testified as to the burning of certain deeds, he admitted that he had others from Davis, and one from Hall to Davis, which had escaped the flames. So, too, had the ones that escaped been recorded before the destruction of the others, which had not been recorded. Why did some escape and others burn? Why were some recorded and others not? The defendant attempted to explain, but it was for the jury to determine the truth of the matter. The defendant testified that Davis gave him several deeds to separate and distinct parcels of land, executed on the same day, and that one which did not involve this land escaped the flames, while the one conveying this land was burned. Why did Hall execute separate and distinct deeds to the same grantees on the same day to lands in the same locality, when one deed could have conveyed it all? And how was it that the deed to this land was burned, and a deed given him at the same time escaped? The defendant attempted an explanation; but his explanation did not do away with the inferences which should have been considered by the jury. Again, the subscribing witness, Lister, testified that she attested several deeds on the same day from Davis to the defendants, but did not deny on cross-examination that

she formerly testified that she attested but one. Moreover, there was proof that Davis renounced any claim to this tract of land between the time he was supposed to have the title, to wit, between the date of the execution of the Hall deed to him and the one from him to the defendants.

The trial court did not err in sustaining the objection to Lula Powers being asked to give the contents of letters written by her to the defendant. True, they were not in her custody; but she made no effort to have them produced, and secondary evidence was not, therefore, admissible to prove the contents.

If there was any error in excluding the evidence of T. D. Power and George Hattenstein as to the number of trees cut, it was error without injury, as they testified to the cutting of only 250 trees, and the defendants admitted in open court to the cutting of that number.

The trial court committed no error in permitting the receipt from Hall to Davis and testimony of Davis claiming the land. The execution of a deed from Hall to Davis was disputed, and plaintiff introduced evidence that Davis did not claim the land about the time defendant claims it was deeded to him. The receipt, if it referred to the land in question, which was a question for the jury, was corroborative of the defendants' testimony that Davis bought it from Hall, as was the testimony that Davis was claiming the land, and which was contradictory to plaintiffs' evidence that Davis set up no claim to the land.

The judgment of the circuit court is reversed, and the cause is remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.