# Buck *v.* Louisville & Nashville R. R. Co.

## Trespass to Realty.

(Decided Feb. 11, 1909. 48 South. 699.)

1. *Trespass; Possession to Maintain.*—In order to recover for tres-
pass to land a party must have been in possession, actual or con-
structive, at the time of the commission of the trespass; but it is
not essential to his right of action that he be in possession at the
commencement of the suit.

2. *Same; Damages.*—The measure of damages for trespass to real-
ty is the difference in value of the land before and after the tres-
pass.

3. *Railroads; Excavations; Liability of Purchaser.*—A railroad is
not liable for excavating and other acts done in locating its track,
etc., on plaintiff's land, where such acts were done by its predeces-
sor, in an action for trespass to realty.

4. *Adverse Possession; Color of Title; Constructive Possession.*—
The possesion of a part of a tract of land under a deed does not
give constructive possession of a portion of the tract, in the actual
possession of another.

5. *Same; Presumption; Abandonment.*—In the absence of proof of abandonment actual possession under color of title is presumed to continue when once shown.

6. *Same; Evidence.*—The evidence in this case stated and examined and held to require a submission to the jury to determine the abandonment of possession on an issue of adverse possession.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by F. B. Buck against the Louisville & Nashville Railroad Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The facts are sufficiently stated in the opinion. The following charge, given at the request of the defendant, is the one referred to in the opinion: "(A) I charge you that, if you believe from the evidence that at the time of the filing of this suit the defendant was in adverse possession of the land on which were its tracks and roadbeds, the jury must find for the defendant."

TROTTER & ODELL, for appellant. Having taken actual possession of a part, plaintiff took constructive possession of the whole land involved.—*Chastang v. Chastang,* 141 Ala. 451. The court erred in instructing the jury that if the evidence showed that at the time of the filing of the suit, defendant was in adverse possession of the land upon which its track was laid, the jury should find for the defendant.—*N. O. & S. R. R. Co. v. Jones,* 68 Ala. 48; 70 Ala. 227; *Southern Ry. Co. v. Hood,* 126 Ala. 315; *Segar v. Kirkley,* 23 Ala. 680; 28 A. & E. Ency of Law, 577; 7 A. & E. Ency of Prac. 691. The court erred in admitting the deeds to the Birmingham Mineral Railway Co.—*Dorland v. Westervitch,* 140 Ala. 282; 1 A. & E. Ency of Law, 858, et seq. At the time of the execution and delivery of the deed, the mortgage from which plaintiff derived his title, was recorded and outstanding.—*Farrow v. N. C. & St. L. R. R.*

109 Ala. 448; *Duke v. The State,* 56  Ark. 485.  The
court erred in giving the charge as to the measure of
damages and in admitting the evidence of Green and
Smith.—*M. J. & K. C. R. R. Co. v. Riley,* 119 Ala. 260;
*H. A. & B. R. R. Co. v. Matthews,* 99 Ala. 27; *Gasdin v.
Williams,* 44 South. 611.  A corporation possessing the
right of eminent domain cannot enter upon the private
property of another without first making compensation.
—*N. O. & S. R. R. Co. v. Jones, supra.*

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee.
There was a verdict for the defendant, and hence, appel-
lant can take nothing by his assignments relative to the
proper measure of damages.—*Donovan v. S. & N. A. R.
R. Co.,* 79 Ala. 429; *Carrington v. L. & N.,* 88 Ala. 472;
*Christian v. Denmark,* 47 South. 82.  The measure of
damages is not the same as it would be in a condemna-
tion proceeding, and no permanent injury is shown to the
land.—*Abercrombie v. Wyndham,* 127 Ala. 182.  There
was no error in admitting the plea.—Sec. 1169, Code
1896, as amended by Acts 1898-9, p. 28.  The witness
Willoughby, as land agent of the defendant was compe-
tent to testify as he did.—*Hayes v. Lemoine,* 47 South.
100.  The owner of the land cannot maintain trespass
against one in adverse possession, and the evidence show-
ed the possession of the defendant.—*Brooks v. Rodgers,*
99 Ala. 34; *Boswell v. Carlisle,* 70 Ala. 244; *Cooper v.
Watson,* 73 Ala. 252.  The court properly gave charge
E.—*Barry v. Madaris,* 47 South. 152.

ANDERSON, J.—In order to recover in trespass, the
plaintiff must show possession of the land, actual or
constructive, when the alleged trespass was committed.
The plaintiff never showed any actual possession—pos-
sessio pedis—to the strip upon which defendant's track

was located, and therefore had to rely upon constructive possession given by his color of title, in connection with his actual possession of a part of the land embraced in his deeds. There is no field of operation, however, for constructive possession of one when the land is in the actual possession of another. The plaintiff never went into the actual possession of the strip in controversy, but constructed his fence so as to leave it out of his boundary, and the roadbed had been graded and erected and was open to observation. The defendant's grantor, the Mineral Railroad, went into possession of this strip under color of title to the easement only, before the plaintiff acquired the 20 acres of which the strip is a part, and when actual possession is shown, under color of title, the said possession is presumed to continue, in the absence of any proof of an abandonment. There was proof from which the jury could infer an abandonment of the roadbed before the defendant entered and laid its track, and, if they believed it had been abandoned by the Mineral road before the entry of the defendant, then the plaintiff was in the constructive possession at the time of the said entry by the defendant, and could maintain this action. It is true Wiloughby testified to going over the roadbed several times between 1887 and 1904; but this fact was not, of itself, sufficient to negative an abandonment, when taken in connection with the evidence that the company had chosen and used another connecting route, and the question of abandonment was clearly one for the jury.

There was no error in refusing to exclude the conveyance offered from the Village Creek Company to the Birmingham Mineral Railroad. It conveyed the right of way to 25 feet on each side from the center of the railroad as then located, and the proof shows that the road was at the time located and staked.—*Coyne v. Warrior*

*Southern R. R.,* 137 Ala. 554, 34 South. 1004. The plaintiff, in order to recover, must be in the possession, actual or consecutive, when the act or trespass complained of was committed, and it is not essential to his right to recover for him to be in possession at the commencement of the suit.—28 Am. & Eng. Ency. Law, 576; *Garrett v. Sewell,* 108 Ala. 521, 18 South. 737; *L. & N. R. R. v. Hill,* 115 Ala. 334, 22 South. 163. The trial court, therefore, erred in giving charge "A" requested by the defendant. It is true there is an expression used in the case of *Rogers v. Brooks,* 99 Ala. 34, 11 South. 753, to the effect that the plaintiff should have the possession of the land both at the time of the trespass and of the institution of the action; but the court was dealing with a penal action for cutting trees. Moreover, this expression is in conflict with the rule as correctly stated in the former part of the opinion in said case.

Since this case must be reversed, as we view the evidence, there are but two questions to be considered upon the next trial, there being no material change in the evidence. First, the plaintiff's right to recover, which is, as we have indicated, a question for the jury; second, the measure of damages in case of a recovery. The rule is the difference in the value of the tract of land before and after the acts constituting the trespass. The complaint claims for "excavating, filling," etc.; but the proof shows that the roadbed was graded and completed long before the defendant entered, and by the Birmingham Mineral Railroad. The defendant would not be liable for the acts of its grantor, but only for its own acts. The damage to the land should, therefore, be confined to the difference in the market value of the land immediately before and after the acts of the defendant' and not some third person. In other words, what damage did

[Coleman v. Pepper.]

the defendant do the land, and not what damage was done by the Birmingham Mineral Railroad.

The judgment of the circut court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.