(85 South. 380)
**SADLER v. ALABAMA GREAT SOUTHERN R. CO.   (6 Div. 997.)**

(Supreme Court of Alabama. April 8, 1920.)

**1. Trespass ⬤⟿20(1)—Plaintiff must show possession, actual or constructive.**

To recover in trespass for defendant's entry on land claimed by plaintiff, plaintiff must show he was in possession, actual or constructive, at the time of the wrongful entry.

**2. Trespass ⬤⟿65—Title cannot be tried in personal action, question being immaterial.**

Title to land cannot be tried or determined in a personal action, as one for trespass; question of title being immaterial to the issue, except to show constructive possession in either party, where neither has actual possession, or else to show, under a plea of liberum tene-

mentum, that defendant owned the land and was entitled to immediate possession.

**3. Railroads ⬤⟹69—Right of way includes possession, or right thereto, of whole surface.**

A railroad's right of way is more than a mere easement, and includes the actual possession or right to actual possession of the entire surface, for every proper use and purpose in the construction and operation of the road; such a right of way having most of the qualities of an estate in fee.

**4. Railroads ⬤⟹63—May acquire title to right of way by possession.**

A railroad company may acquire title to land for its right of way by adverse possession, just as an individual may.

**5. Adverse possession ⬤⟹100(1)—Color of title will extend possession.**

Color of title will extend a railroad's actual possession of its roadbed to the boundaries of its right of way as described.

**6. Adverse possession ⬤⟹38 — Plaintiff could show predecessor used disputed strips.**

In trespass against a railroad, claiming title by adverse possession for 10 years, it was competent for plaintiff to show that his father, as his predecessor, used the disputed strips of land adjoining the roadbed during his lifetime and up to his death; it not appearing that the grantors in the deeds conveying to the railroad a right of way 150 feet in width ever owned or possessed the disputed strips.

**7. Adverse possession ⬤⟹100(1) — Railroad, showing possession under color of title for 10 years, acquires title.**

Where defendant railroad, sued in trespass for entries on disputed strips of land along its right of way, showed actual possession under fence for more than 10 years before the entry complained of, under claim of right and color of title by grant and location, plaintiff cannot recover.

**8. Trespass ⬤⟹12—Possessor cannot be held liable as for unlawful entry.**

Where defendant railroad was in actual possession of disputed strips of land along its right of way, when plaintiff claimed it made an unlawful entry thereon, plaintiff cannot recover from it in an action of trespass quare clausum fregit.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by J. A. Sadler, as guardian of Milton Frank Bell, against the Alabama Great Southern Railway Company, for damages for trespass to land. From a judgment for defendant, plaintiff appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The court erred in striking the third count of the complaint. 9 Ala. 26; section 5513, Code 1907. A corporation or individual cannot procure an easement by prescriptive right. 79 Ala. 569, 58 Am. Rep. 623; 102 Ala. 224, 14 South. 379; 202 Ala. 542, 81

South. 50; 135 Ala. 604, 33 South. 696. Counsel discusses assignments of error relative to evidence and refused charges, but in view of the opinion it is not deemed necessary to here set them out.

A. G. & S. P. Smith, of Birmingham, for appellee.

No possession is shown in plaintiff, and hence he could not maintain the action. 159 Ala. 305, 48 South. 699; 192 Ala. 576, 69 South. 6; 202 Ala. 455, 80 South. 839; 130 Ala. 205, 30 South. 596, 89 Am. St. Rep. 27.

SOMERVILLE, J. This action is in trespass for defendant's entry upon land claimed by the plaintiff and cutting down the trees, excavating the soil, and building an additional or double track of its railroad thereon.

[1] In order to recover, the plaintiff must show that he was in the possession, actual or constructive, of the land at the time of the alleged wrongful entry by the defendant. Buck v. L. & N. R. R. Co., 159 Ala. 305, 48 South 699; Powers v. Hatter, 152 Ala. 636, 44 South. 859.

[2] The title to the land in question cannot be tried or determined in a personal action like this, and questions of title are immaterial to the issue, except for the simple purpose of showing constructive possession in either party, where neither has the actual possession (Segar v. Kirkley, 23 Ala. 680; Powers v. Hatter, 152 Ala. 636, 44 South. 859; Lee v. Raiford, 171 Ala. 124, 54 South. 543), or else of showing, under a plea of liberum tenementum, that the defendant was the owner of the land, and entitled to its immediate possession (Southern Ry. Co. v. Hayes, 183 Ala. 465, 62 South. 874; 38 Cyc. 1093, 1094).

It appeared without dispute that the defendant company and its predecessors have continuously operated its road through the disputed tract since about 1873, and that in 1905 defendant built a fence on both sides of the right of way claimed by it, constituting an inclosure thereof, which has been continuously maintained down to the present time. It was conceded by plaintiff, as shown by the bill of exceptions, that one C. M. Phillips executed a deed to defendant's predecessor, the Northeast & Southwest Railroad Company, in 1859, for a right of way of 150 feet through the land in question. Plaintiff's testimony tended to show that the fences mentioned inclosed 100 feet on each side from the center of the track, while defendant's testimony tended to show that they inclosed 75 feet from the center, or 150 feet in all. The trial judge instructed the jury that under the evidence defendant owned the right of way between its two fences, and had the right to excavate thereon, provided the inclosure did not exceed 150 feet in width.

---

[3-5] A railroad right of way is more than a mere easement, and includes the actual possession, or right to the actual possession, of the entire surface, for every proper use and purpose in the construction and operation of the road. T. & C. R. R. Co. v. E. A. Ry. Co., 75 Ala. 516, 524, 51 Am. Rep. 475; M. & C. R. R. Co. v. Womack, 84 Ala. 149, 150, 4 South. 618; Elyton Land Co. v. S. & N. Ala. R. R. Co., 95 Ala. 631, 646, 10 South. 270; A. G. S. R. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 839; 22 R. C. L. 861, § 113; 2 Elliott on Railroads, 432. In fact, for all railroad purposes, the right of way, though termed an easement, has most of the qualities of an estate in fee. 22 R. C. L. 861, § 112, and cases cited. Hence a railroad company may acquire title to land by adverse possession, just as an individual may. Mobile & Girard R. R. Co. v. Cogsbill, 85 Ala. 456, 5 South. 188; Id., 92 Ala. 252, 9 South. 512; 2 Elliott on Railroads, 456; 22 R. C. L. 850. And color of title will extend its actual possession of the roadbed to the boundaries of its right of way as described therein. Cogsbill v. M. & G. R. R. Co., 92 Ala. 252, 9 South. 512.

[6, 7] It not appearing that the grantors in the deeds conveying to defendant's predecessor a right of way 150 feet in width were ever the owners or possessors of the land in question, defendant's ownership of the unused parts of its alleged right of way must rest upon prescription or adverse possession for ten years. On this issue it was competent for plaintiff to show that his father, as his predecessor in title, occupied and used the disputed strips of land adjoining the roadbed during his lifetime and up to his death, about 1909; and had the questions propounded to several of plaintiff's witnesses, and excluded by the trial court, been properly framed and limited to the disputed land within the fences, their exclusion would have been erroneous. But they were not so framed and limited, and error cannot be ascribed. As the evidence was actually presented, defendant showed an actual possession under fence of the right of way for more than 10 years before the entry complained of, under claim of right and color of title by grant and location. On that issue, therefore, the instruction to the jury was correct, and plaintiff could not recover in this form of action. Southern Ry. Co. v. Hayes, 183 Ala. 465, 62 South. 874.

[8] But, apart from any question of title and irrespective of any rulings on the evidence, it appeared without conflict that, at the time of the alleged unlawful entry by defendant in 1917, defendant was in the actual possession of the right of way claimed, and this was fatal to any recovery in this form of action, viz. trespass quare clausum fregit. It may be that for some of the consequential damage recited in the complaint recovery could be had in an action on the case, and it would seem that plaintiff's proper remedy on the main issue is an action in ejectment to try the title.

In our view of the case, the numerous other rulings on testimony, and on instructions given or refused, being irrelevant to the controlling issue in the case, need not be considered. The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.