(134 So. 628)

**KAY v. ADAMS et al.**

6 Div. 706.

Supreme Court of Alabama.
May 14, 1931.

James Kay, of Oneonta, for appellant.

P. A. Nash, of Oneonta, for appellees.

THOMAS, J.

The suit was for trespass on land, and there was a count for use and occupation.

To recover for such a trespass, plaintiff must have been in possession, actual or constructive, at the time of the commission of the trespass. The plaintiff did not show pedis possessio of the strip of land upon which defendants went, and therefore had to rely upon his constructive possession, under his title, in connection with his actual possession of a part of the lands embraced in his deeds. There is no field of operation for constructive possession by one, when at such time the land is in the actual possession of another. The title cannot be tried in such a personal action. Buck v. Louisville & Nashville R. R. Co., 159 Ala. 305, 308, 48 So. 699; Powers v. Hatter, 152 Ala. 636, 44 So. 859; Sadler v. Alabama Great Southern R. Co., 204 Ala. 155, 85 So. 380; section 5661, Code 1928.

When plaintiff's evidence is carefully considered, he "never had physical possession of said lands" in question, or any part thereof, and could not maintain his suit on the counts for trespass.

If there was the right of recovery under count 3 for use and occupation, the evidence fails to specifically disclose to the jury the amount or value of the land for which that use and occupation was claimed. It is shown that only a few acres were cultivated by one or some of the defendants in the year 1927, and no value is shown of that use and occupation, and the burden in this respect was upon the plaintiff.

However, it is urged that section 8820, Code, contains the provision that, when the defendant has gone into "possession unlawfully," a "reasonable satisfaction may be re-

covered for the use and occupation." Prior to this time and amendment of the statute, such an action could not be maintained against a defendant who was in possession such as that he may set up adverse possession, and was holding adversely to plaintiff and denying his title. In harmony with this statute, it has been since held that "unlawfully," as used in subsection 4 of section 8820, Code, indicates a possession that is acquired by intrusion (without bona fide claim of title) "upon plaintiff's actual peaceable possession," and not to apply to an "adverse possession under color of title." Crabtree v. Street, 200 Ala. 442, 76 So. 374; Id., 201 Ala. 630, 79 So. 192. Under this evidence there was no right of action for use and occupation.

Plaintiff testified that he had never had physical possession of said lands, and that he acquired his initial right or title as purchaser "at sheriff's sale of same."

There was no error in giving the general affirmative charge requested by defendants.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.