173 So. 857

### GRIFFIN et al. v. BOZEMAN.

2 Div. 97.

Supreme Court of Alabama.

April 15, 1937.

W. J. Dansby, of Butler, for appellants.

D. M. Boswell, of Butler, for appellee.

FOSTER, Justice.

This suit was tried on count 1, claiming damages for a trespass to realty, and count 4 for the statutory penalty for cutting trees. The court gave for defendant the general charge on count 4, and the jury returned a verdict for plaintiff, and defendants appeal.

Appellants, on the trial, appearing specially for that purpose, moved the court to dismiss this cause under authority of section 7222, Code, for the failure to pay the costs of a former suit which resulted in a verdict and judgment for the defendant in it. The court overruled the motion, and defendants excepted. The suit was by this plaintiff against Bolinger for trespass on the same land, and involving, as the evidence on the motion showed, the same cutting of timber as that charged in the instant suit. In the former suit, it was sought to hold Bolinger liable for participating in the acts of defendants in the instant suit, or otherwise accountable for them, as the evidence tends to show. Bolinger claimed the land on which the trespass was alleged to have been committed. The evidence on this motion tended to show that the agent of Bolinger "had" these defendants cut the timber, on a sale of it to them for $6 per thousand, and pointed out to defendants the land on which to cut the timber. It later appeared on this trial to have been a boundary dispute between plaintiff and Bolinger. The suit against Bolinger was in trespass and statutory penalty counts.

Section 7222, Code, relied on, requires the plaintiff whose suit was dismissed to pay into court costs incurred in that suit at the time of filing another suit involving the same cause of action between the same parties or their privies; and on a failure to do so, that the suit be dismissed on motion; but it authorizes the court to allow ten days in which to pay the costs on good cause shown. Ex parte Canada Life Assur. Co., 217 Ala. 210, 115 So. 244.

Defendants pursued the proper course under the statute by its terms. The court denied the motion, and made no allowance for ten days as he could have done on good showing.

This question is reduced to the inquiry of whether these defendants were shown to be privies of Bolinger in respect to the cause of action here involved. They do not, in this motion and for its purposes, deny the commission of the acts constituting the trespass, but assert that they stand in the right of Bolinger as his privies in respect to the cause of action. By pleas A and B, they set up those facts as res judicata, and the two aspects of the contention may be treated together, and

illustrate each other. For a judgment in favor of defendant is also conclusive in favor of the privies of defendant.

We are barred from directly reviewing any supposed ruling on the pleas because there is no sufficient judgment sustaining the demurrer to them, Long v. Holley, 157 Ala. 514, 47 So. 655; Webb v. French, 225 Ala. 617, 144 So. 818; 2 Alabama Digest 419, Appeal and Error, 123, and because the bill of exceptions does not show an exception to the action of the court in sustaining plaintiff's motion to strike them since section 9459, Code, was not followed.

But they serve to illustrate the motion to dismiss for nonpayment of the costs of the former suit. If the judgment in favor of Bolinger in that suit operated to the benefit of these defendants, they had a right as privies of Bolinger to the benefits of section 7222, Code.

It is the rule in Alabama that the liability of two or more persons who jointly engage in the commission of a trespass is joint and several, and suits against them separately may be prosecuted to judgment, with but one satisfaction. Huey v. Dykes, 203 Ala. 231, 82 So. 481; Steenhuis v. Holland, 217 Ala. 105, 115 So. 2; Bradford v. Carson, 223 Ala. 594, 137 So. 426; Chambers v. Cox, 222 Ala. 1, 130 So. 416; Smith v. Gayle, 58 Ala. 600; Sloss-Sheffield S. & I. Co. v. Wilkes, 231 Ala. 511, 165 So. 764.

But if the joint liability results not from joint participation in the wrongful act, but because one is responsible for the wrong done by the other under the rule of respondeat superior, the suit may be joint or several, but a judgment exonerating the servant will relieve the master. Southern R. Co. v. Lockridge, 222 Ala. 15, 130 So. 557; Walker v. St. Louis-San Francisco R. Co., 214 Ala. 492, 108 So. 388; Supreme Lodge v. Gustin, 202 Ala. 246, 80 So. 84.

But it does not follow in all cases that a judgment favorable to the master would exonerate the servant. The court may have found that the relation of master and servant did not exist, and that the master did not actively participate in the wrongful act, as well as because, it may be, that no trespass was committed. And for like reason, it does not always follow that a vendee is not liable because his vendor is exonerated. 63 Corpus Juris 934, §

77.; Granade v. United States L. & C. Co., 224 Ala. 185 (5), 139 So. 409.

The general rule is that since the liability of joint tort-feasors is also several a favorable verdict for one is no defense to the others. Old Dominion Copper Mining & Smelting Co. v. Bigelow, 203 Mass. 159, 89 N.E. 193 (35), 40 L.R.A. (N.S.) 314; Bigelow v. Old Dominion Copper M. & S. Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875; Three States Lumber Co. v. Blanks, 118 Tenn. 627, 102 S.W. 79; Nelson v. Illinois Central R. R. Co., 98 Miss. 295, 53 So. 619, 31 L.R.A.(N.S.) 689. This is upon the principle that the parties are not the same, and that the estoppel must be mutual; that is, that if the judgment for Bolinger is conclusive against the plaintiff for these defendants, ordinarily, a judgment for plaintiff against Bolinger should also be conclusive against these defendants who were not parties, and did not in that suit have their day in court.

But it is said that there is an apparent exception to the requirement of mutuality of estoppel when the liability of defendant is altogether dependent upon the liability of one who was exonerated in the prior suit. "The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee." Bigelow v. Old Dominion Copper M. & S. Co., 225 U.S. 111, 32 S.Ct. 641, 642, 56 L.Ed. 1009, Ann.Cas.1913E, 875; Portland Gold Mining Co. v. Stratton's Independence (C.C.A.) 158 F. 63, 16 L.R.A. (N.S.) 677; 15 R.C.L. 956, § 432, notes 12 and 13; State v. Parker, 72 Ala. 181; Emma Silver Mining Co., Ltd., v. Emma S. Mining Co. of N. Y. (C.C.) 7 F. 401; Cressler v. Brown, 79 Okl. 170, 192 P. 417. This exception is also stated in 2 Black on Judgments, § 781, as follows:

"In actions of tort, where the wrong is joint and several, and the plea of one of the defendants is such as shows that the plaintiff could have no cause of action against any of them, if the plea is found against the plaintiff, it operates to the benefit of all the defendants. But of

course it would be otherwise where one defendant, sued separately, obtained a verdict on a defense purely personal to himself."

It is similarly stated in 34 Corpus Juris 982, 988. The basis of the rule creating the exception as to mutuality is a just public policy which has not been extended to certain situations where that policy does not exist, and the question was only incidentally decided, illustrated in Interstate Electric Co. v. Fidelity & Deposit Co., 228 Ala. 210, 153 So. 427, and Fidelity & Deposit Co. v. Robertson, 136 Ala. 379, 34 So. 933. A leading case in this country is Emery v. Fowler, 39 Me. 326, 63 Am.Dec. 627, which was trespass quare clausum against one who acted under the directions of his father. In the prior action by plaintiff against his father for the same act, the father, who admitted that the son acted under his directions, had been acquitted, and it was held that the son was entitled to the benefit of that adjudication. See, also, Pickett v. Pipkin, 64 Ala. 520; Lawson v. Alabama Warehouse Co., 73 Ala. 289.

■ The evidence on the motion is that these defendants, in cutting the timber, were acting solely under authority of Bolinger by virtue of his claim to own the land on which it was situated. If in a suit between plaintiff and Bolinger the question is directly presented, and it is adjudged in substance and effect that the latter did own the land and timber at the time of the cutting, such cutting should not be held to be a trespass, though not done by Bolinger, but by defendants whose rights were dependent upon and in privity with those of Bolinger. In order for the judgment in favor of Bolinger to exonerate these defendants, it must be made to appear that the judgment for him was based on the ground that there was no such trespass committed on plaintiff's land, because it was there held by the court and jury that the land was not that of plaintiff, but of Bolinger; or that he was then in the adverse possession of it, rather than that the verdict was on some personal defense, as that Bolinger did not participate in the trespass.

The second ground of the motion asserts that the action against Bolinger was submitted to the jury on the question of whether the boundary line was such as to show that the land was that of plaintiff, and that on that issue the jury returned a verdict for Bolinger. Those allegations

bring the motion of defendants within the benefit of the principle of the exception. On hearing the motion, the evidence showed a general verdict for defendant, but does not show what the issues were, or that the sole question there tried and determined was the location of the boundary line or the adverse possession of Bolinger. It may have been decided for Bolinger, because he did not participate in the trespass, in so far as shown by the evidence on the motion.

In plea A (res judicata) also it is alleged that on the former trial the cause was submitted to the jury on the question of whether the land line claimed by the plaintiff was correct, or whether that claimed by Bolinger was correct, and that the jury returned a verdict for defendant and a judgment for him followed. Plea B makes the allegation in more general terms.

We cannot pass on the sufficiency of the pleas because of the state of the record to which we have referred. The judgment cannot be reversed for denying the motion as to costs under section 7222, Code, because of insufficiency of proof. What we have said is sufficient to show what we think of the questions, and what should be alleged and proven, on another trial, both as to the motion and pleas.

■ The one count in trespass, which was submitted to the jury, did not allege that plaintiff was in possession of the land, but that it belonged to him when the trespass was committed. That is one aspect of the form prescribed by the Code. Form No. 28, section 9531. But it was not intended by that circumstance to justify the use of a trespass action to try title to real estate when defendant is in adverse possession under bona fide claim of ownership. Plaintiff's allegation of ownership is equal to an allegation of at least constructive possession, which will support an action of trespass against one who is a mere trespasser. Green v. Marlin, 219 Ala. 27, 28, 121 So. 19. "If the defendant could have shown that he or those under whose rights he claimed were in the adverse possession of the land at the time he cut or carried away the timber, this would have been a defense to the action." But if his only possession is that implied from entries on the land at the time, and for the purpose of cutting and taking the timber, it is not sufficient to defeat plaintiff's right and constructive possession resulting from his prima facie ownership. Williams v. Lyon, 181 Ala. 531, 61 So. 299, 301; Buck v.

Louisville & Nashville R. R. Co., 159 Ala. 305, 48 So. 699; Sadler v. Alabama Great Southern R. R. Co., 204 Ala. 155, 85 So. 380; Kay v. Adams, 223 Ala. 33, 134 So. 628; Gray v. Alabama Fuel & Iron Co., 216 Ala. 416, 113 So. 35; Green v. Marlin, supra.

■ This action cannot be used to try disputed title. It is only material to show constructive possession, which can have no existence if there is an actual possession other than a bare trespass. Watters v. Ezell, 188 Ala. 385, 66 So. 443.

The real difference between the parties is the north and south land line between plaintiff owning land on the east of Bolinger's and that of Bolinger. It is there unimproved and timber land. The determination of that question is not controlling in this suit if Bolinger, under whom defendants claim, was in the actual adverse possession of the disputed strip when he sold the timber to defendants and when they cut the timber. If Bolinger was not so in possession, and plaintiff was not in its actual possession, the true land line was necessary to be located to fix the land of which plaintiff and Bolinger, respectively, were in the constructive possession.

The court tried the case upon the theory that the location of the true line was controlling. For that to be correct, it is necessary to assume that Bolinger was not in the actual possession of the land in question. If he was, plaintiff should have sued in ejectment or settled the boundary in equity.

There is evidence that the timber on plaintiff's land had been cut up to, but not including, the land in controversy, and that Bolinger had boxed the pine trees and worked them for turpentine purposes, and that they were being so used when the timber on plaintiff's land was cut, and it was the timber thus used for turpentine which was sold to and cut by defendants. There was no evidence that plaintiff or his predecessors had taken actual possession of the land.

■ The court charged the jury that there was no question of possession, but only of ownership in respect to the right to sue, and refused defendants' written charge that if Bolinger was in possession of the land in dispute by virtue of his purchase of the two forties adjoining plaintiff's and had been in possession for ten years, and was in possession of the strip in dispute at the time of the trespass complained of, the jury could not find for plaintiff.

In so charging the jury and refusing defendants' charges as indicated, we think the court erred. We think there was sufficient evidence of Bolinger's actual possession at and prior to the alleged trespass to submit that question to the jury. The rules applicable to such form of possession have been several times asserted in this court. McCreary v. Jackson Lumber Co., 148 Ala. 247, 41 So. 822; Jackson Lumber Co. v. McCreary, 137 Ala. 278, 34 So. 850; Green v. Marlin, supra; Smith v. Cook, 220 Ala. 338 (11), 124 So. 898, and cases cited.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.