MADDOX, Justice.
The legal issue presented by this appeal is:
Is a judgment entered in a trespass action involving the same parties res adjudicata to a subsequent action brought to establish a boundary line between them? We hold that, under the facts here, the first judgment was not conclusive.
On June 21, 1976, the plaintiffs filed á trespass action against the defendant and sought damages for the construction of a drainage ditch, which plaintiffs claimed encroached on their land.
Plaintiffs were represented in the trespass suit by counsel other than their present counsel. The record shows that the defendant conceded that the ditch did, in fact, encroach on plaintiff’s land. The record further shows that the parties entered into a stipulation, and a consent judgment was entered on 25 February, 1977, which provided, in part:
“2. The Defendant shall forthwith cause the portion of the drainage ditch involved in this action to be moved so that no portion of said ditch is over the east line of the Defendant’s property as established by survey of Goodwyn and Mills, Inc.
“3. The removal of said drainage ditch by the Defendant shall be deemed in full satisfaction of any claims by the Plaintiffs for monetary damages on account of the encroachment of said ditch upon their said property.”
On 4 April, 1978, the Gibbs, represented by present counsel, filed a motion to set aside the consent judgment, claiming they never authorized their first attorney to agree to it, they knew nothing about its entry until 10 months after its entry, and that their first attorney was mistaken if he thought he had authority to agree to the consent judgment.
*546 The trial court, after reviewing affidavits filed by both parties, and hearing arguments from both sides, denied the Gibbs’ motion to set aside the consent judgment under Rule 60(b) ARCP. The Gibbs did not appeal the denial of their motion. On May 31, 1978, they filed the instant suit to have the court establish what they contend is a disputed boundary between them. The defendant filed a motion to dismiss, in which it alleged:
“1. The issues raised by the Complaint have been adjudicated in a previous action — Solomon Gibbs and Mary Gibbs vs. TF & G Industrial Partners, Civil Action No. 2094 — 76, in the Circuit Court of Montgomery County, Alabama — wherein a consent judgment was entered on February 25, 1977 pursuant to a settlement stipulation between the parties confirming the common boundary line between the parties as established between (sic) Goodwyn and Mills, Inc., Registered Land Surveyors.”
A judgment in a trespass action does not necessarily settle anything beyond the particular facts of the trespass for which the suit is brought, but the judgment is conclusive of the matters actually litigated and determined. 50 C.J.S. Judgments § 742, p. 252. Title to land cannot be tried in a personal action of trespass, and questions of title are immaterial to the issue, except for the singular purpose of showing constructive possession in either party. Sadler v. Alabama Great Southern R. Co., 204 Ala. 155, 85 So. 380 (1920). Consequently, the question of title was not actually in issue and adjudicated in the trespass action; therefore, the consent judgment would not be conclusive of the instant action to establish the true boundary between the parties. We are aware that § 35-3-20, et seq. Code 1975, provides a method for determining boundaries in pending actions, but the record does not show that method was used in the trespass action. The parties, or the court, could have proceeded under this section of the Code and had the boundary judicially fixed. Neither did so. Failure to request this relief in the trespass action, however, does not foreclose the present suit. In other words, the judgment in the trespass action does not conclusively establish the true boundary line.
Although we reverse and remand, we note that the trial court may, but it is not required to, order a survey under § 35-3-3 Code 1975. In assessing the costs, the court may consider whether the boundary, as finally determined, is the same as the one mentioned in the consent judgment.
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.