On September 27, 1996, Marilyn Roberts sued the Baldwin County Commission; Frank Burt, a county commissioner; the adjoining property owners; and her predecessor-in-title. Roberts alleged that the County Commission had taken a private easement for public use, in violation of Article I, § 23, of the Alabama Constitution of 1901; had trespassed on her property; and had created a continuing nuisance. Roberts asserted various other claims against the adjoining property owners.
The County Commission and Burt filed a Rule 12(c), Ala. R. Civ. P., motion for a judgment on the pleadings. Roberts filed a response to the motion. The trial court entered a judgment in favor of the County Commission and Burt. Thereafter, the trial court made the judgment a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Roberts filed a post-judgment motion, which the trial court denied.
Roberts appeals, contending that the trial court erred in entering a judgment in favor of the County Commission and Burt. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
"A Rule 12(c) [, Ala. R. Civ. P.,] motion for judgment on the pleadings disposes of a case when the material facts are not in dispute." McCullough v. Alabama By-Products Corp., 343 So.2d 508,510 (Ala. 1977). "When such a motion is made, the trial court reviews the pleadings filed in the case and, if the pleadings show that no genuine issue of material fact is presented, the trial court will enter a judgment for the party entitled to a judgment according to the law." B.K.W. Enterprises, Inc. v. Tractor Equip. Co., 603 So.2d 989, 991 (Ala. 1992). On appeal, a judgment on the pleadings is subject to a de novo review, and the facts in the complaint are viewed in a light most favorable to the nonmoving party. Harden v. Ritter, 710 So.2d 1254 (Ala.Civ.App. 1997).
The record reveals the following pertinent facts: In May 1995 Roberts purchased a certain piece of real property in Baldwin County, Alabama. Roberts received a warranty deed, which contained the following exceptions:
 "LESS AND EXCEPT a strip along the North line reserved for right of way of Baldwin County Highway 40. ALSO LESS AND EXCEPT that certain non-exclusive easement contained in deed above referred to, and recorded in Real Property Book 74, page 1807."
(Emphasis in original.) The easement referenced in Roberts's deed is a "non-exclusive easement for ingress and egress to the [property owned by Thomas E. Long and Elaine D. Long] over and across [Roberts's property]." Apparently, a dirt road was constructed on the easement for travel to and from the Longs' property.
In March 1996 the County Commission sent a road crew to grade and widen the dirt road. Roberts appeared at a meeting of the County Commission on March 19, 1996, protesting the work on the dirt road and informing the County Commission that the easement was private and not a public right-of-way. On March 28, 1996, the County Commission sent Roberts a letter, informing her that after "talking with several individuals," it had determined that the dirt road was a "public right-of-way" and that it had maintained the dirt road for several years. Thereafter, Roberts initiated this case.
In the motion for a judgment on the pleadings, the County Commission and *Page 408 
Burt asserted that they were entitled to a judgment, because, they said, Roberts owned the servient estate, had no rights regarding the easement, and lacked standing to assert her claims with regard to the easement. Burt also asserted that he was entitled to legislative immunity.
Our supreme court has held the following with regard to servient estates:
 "`A servient owner ordinarily has no duty to do any positive act with respect to the maintenance or repair of an easement, but he is required to refrain from unlawfully interfering with or obstructing it. He has, however, all rights and benefits of ownership consistent with the easement; the right to use the land remains in him, without express reservation to that effect, so far as such right does not conflict with the purpose and character of the easement. Hence, the grant of an easement of way which is not exclusive and which can be reasonably enjoyed without being exclusive leaves in the servient owner the right of user in common with the owner of the easement.'"
Duke v. Pine Crest Homes, Inc., 358 So.2d 148, 151 (Ala. 1978) (quoting 25 Am. Jur. 2d Easements and Licenses § 89). Further, "[t]itle to land cannot be tried in a personal action of trespass, and questions of title are immaterial to the issue, except for the singular purpose of showing constructive possession in either party." Gibbs v. TF G Industrial Partners, 369 So.2d 544, 546
(Ala. 1979) (citation omitted).
In this case, the easement was non-exclusive and was intended to serve the property owned by the Longs. Roberts asserted in her complaint that the easement was a private easement. Although the County Commission asserted that the easement was a "public road," it never presented any evidence to support its assertion. In reviewing the evidence in a light most favorable to Roberts, we conclude that Roberts was a user in common with the Longs, who are the owners of the easement, and that, therefore, Roberts had constructive possession of the easement. Accordingly, we conclude that Roberts has standing to assert claims of a "taking," nuisance, and trespass against the County Commission.
Roberts argues that Burt was not entitled to legislative immunity.
The Alabama Legislature has delegated legislative and executive powers to county commissions to build, improve, repair, and maintain public roads. § 23-1-80, Ala. Code 1975. A county commissioner is entitled to absolute immunity from personal liability in the consideration, and the passage, of resolutions or legislation. See Tutwiler Drug Co. v. City of Birmingham,418 So.2d 102 (Ala. 1982). Burt contends that he is entitled to legislative immunity because he participated in voting for Baldwin County to maintain the easement. "However, the actual exercise of [the power to prevent] the destruction of a public roadway is in the nature of an executive or administrative function." PointProperties, Inc. v. Anderson, 584 So.2d 1332, 1337-38 (Ala. 1991). A vote in favor of, or the passage of, a resolution concerning the maintenance of a roadway is not legislative in nature. Id.
Accordingly, we conclude that Burt was not entitled to legislative immunity.
The judgment of the trial court is reversed and the case is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and CRAWLEY, J., concur.
YATES and MONROE, JJ., concur in the result.
THOMPSON, J., dissents. *Page 409