(104 So. 343)

ST. LOUIS–SAN FRANCISCO RY. CO. v. POOR. (6 Div. 649.)

(Court of Appeals of Alabama. April 21, 1925.)

1. Pleading ⟨key⟩430(2)—Refusal of general affirmative charge for variance between pleading and proof held not reversible error.

In suit against railroad for killing a cow, refusal of general affirmative charge for variance, in that complaint was filed against "St. Louis–San Francisco Railway Company, a corporation" and proof was directed solely against the "Frisco," held not reversible error in view of circuit court rule 34.

2. Appeal and error ⟨key⟩1050(2)—Admission of evidence of "Owners' Stock Claim" in suit for killing of cow held not reversible error.

In suit against railroad for killing cow, admission in evidence of "Owners' Stock Claim" held not reversible error, where it did not appear to be material or relevant, and defendant in a way caused its introduction by interrogating witness about it.

3. Appeal and error ⟨key⟩1170(9)—Reversal not had for refusal of charges where no prejudice suffered thereby.

Court of Appeals will not reverse for refusal of defendant's charges, under Supreme Court rule 45, even though they contain correct propositions of law, where it does not appear that defendant suffered any injury by reason thereof.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages by William Poor against the St. Louis–San Francisco Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Cabaniss, Johnston, Cocke & Cabaniss, and Brewer Dixon, all of Birmingham, for appellant.

Where there is a total failure of proof connecting defendant with responsibility for the alleged injury, the general affirmative charge should be given. Burns v. Iowa Homestead Co., 48 Iowa, 279; Wyckoff v. Union L. & T. Co. (City Ct. N. Y.) 11 N. Y. S. 423; Supreme Lodge v. Weller, 93 Va. 605, 25 S. E. 891; M. & O. v. Borden Coal Co., 19 Ala. App. 481, 98 So. 315. The court will not take judicial knowledge of the fact that Frisco is the same as the defendant in this case.

There was a variance between allegations and proof. 15 R. C. L. § 49; W. Ry. of Ala. v. McCall, 89 Ala. 375, 7 So. 650; M. L. & R. Co. v. Mackay, 158 Ala. 51, 48 So. 509; McCrary v. Henry, 12 Ga. App. 429, 76 S. E. 1083; Nor. R. Co. v. Jackson, 16 Ala. App. 422, 78 So. 416.

Arlie Barber, of Birmingham, for appellee.

The question of defendant's negligence was for the jury. M. & O. v. Borden Coal Co., 19 Ala. App. 481, 98 So. 315. The fact that the defendant advertises itself as the Frisco is matter of common knowledge. Ex parte Stollenwerck, 201 Ala. 392, 78 So. 454; Loeb & Weil v. Richardson, 74 Ala. 311.

RICE, J. This was an action by plaintiff (appellee) against the defendant (appellant) for damages for the negligent killing of a milch cow belonging to the plaintiff.

It is unnecessary to discuss or detail the evidence or its tendencies. The facts are simple. It is merely another "cow case" where, according to the plaintiff's testimony, his cow was grazing peacefully along or upon the railroad track over which defendant operated its trains, when defendant's agents or servants in charge of one of its said trains, by their negligent manner of operating same, ran it over, upon, or against the said cow, and proximately caused her death. The defendant entered a general denial in short by agreement, and introduced evidence tending to show that, in the first place, no train at all caused the death of said cow, but that she died from natural causes, and in the second place, that if any train did strike her and proximately cause her death, it was not a train belonging to this defendant (appellant). Two trials were had. The first, resulting in a verdict in favor of the plaintiff, which was set aside by agreement of the parties. And the second resulting in a verdict and judgment in favor of the plaintiff from which this appeal is prosecuted by the defendant.

[1] The trial court in its very able and comprehensive oral charge to the jury covered fully and accurately the issues involved. The appellant in the unique and ingenious brief filed by its counsel on this appeal, makes the burden of its argument for reversal, the refusal of the general affirmative charge in its favor, which was duly requested in writing, on the ground of, as it says, a "variance." The said "variance," according to its brief, consists in the fact that whereas the complaint was filed against the "St. Louis-San Francisco Railway Company, a corporation," defendant, the evidence offered on the trial was directed solely against the "Frisco." We need not decide whether this court knows judicially that the defendant named in the complaint is the same thing as the defendant identified by the evidence, as all that appellant argues in its able brief in this regard, as grounds for reversal is fully and adversely (to it) answered by circuit court rule 34 (175 Ala. 21), which we think was promulgated to meet just such contentions as that now here made. We therefore hold that there was no error in the action of the trial court in refusing the said above-mentioned general affirmative charge.

[2] We cannot see that the "Owners' Stock Claim," which was introduced in evidence over the appellant's objection, was material or relevant. Neither can we see how the appellant could have suffered any injury by its introduction, and, inasmuch as the record shows that appellant, in a way at least, caused the introduction of the said paper, by interrogating the witness John Snow about it, before it had been offered, we would not be willing to predicate a reversal of the case upon its admission in evidence.

[3] As stated, the issues we think were fully, amply, and accurately covered by the court's oral charge, and even if any of the charges refused to appellant, other than the several general affirmative charges, stated correct propositions of law, it does not appear that appellant suffered any injury by reason of such refusal. And under Supreme Court rule 45, we would not be willing to reverse the case therefor.

We have carefully considered all and each of the assignments of error argued by appellant on this appeal, and find none of them to be based on rulings of a prejudicial nature, if erroneous at all.

Let the judgment be affirmed.

Affirmed.