116 So.2d 611

**Joe Taylor McMULLEN**

v.

**FOUR WHEELS, INC.**

**7 Div. 583.**

Court of Appeals of Alabama.

Aug. 18, 1959.

Rehearing Denied Sept. 8, 1959.

Woodrow Albea, Anniston, for appellee.

Norred, Wilson & Propst, Anniston, for appellant.

**HARWOOD, Presiding Judge.**

The appellee here, who was the plaintiff below, sued Warren Evans, Jr., Virginia R. McDonald, and Joe Taylor McMullen for damages to an automobile resulting from a collision in which the three automobiles were involved.

The case below went to the jury on Count Six, as finally amended. This count sets forth that "while plaintiff's automobile was being operated by one James M. Blackwood on a public street * * * the defendants, their servants, agents, or employees, while acting in the line and scope of their employment * * * did negligently operate the two automobiles," etc.

The count states a cause of action, and no demurrer was interposed to the count as last amended.

The pleading thereafter was in short by consent.

The evidence presented by the plaintiff below (appellee here) tends to show that an automobile operated by James M. Blackwood had halted at a stop sign at the intersection of 8th Street and Quintard Avenue in Anniston. Quintard runs north and south and 8th Street east and west.

Blackwood was travelling west on 8th Street when he approached and stopped at Quintard Avenue.

A car driven by McMullen, but owned by Virginia McDonald, entered the intersec-

tion travelling east. Another car owned and driven by Evans and going north entered the intersection, and crashed into the rear of the car driven by McMullen. The McMullen car was thus thrown against the car operated by Blackwood, causing the damages claimed.

The jury trial resulted in a verdict and judgment against the defendants Evans and McMullen, damages being assessed at $310.15.

From said judgment the defendant McMullen has perfected this appeal.

Counsel for appellant first contends that the verdict, exonerating Virginia McDonald from liability, is contrary to the oral instructions of the court, in that in the course of his instructions the court charged the jury as follows:

"The evidence in this case is undisputed, as I understand it, this defendant, Virginia McDonald, had asked Joe T. McMullen to get her automobile for her from some place where it was and then to drive it, the automobile, for her, and drive it to her home. If you are reasonably satisfied of that fact, gentlemen, then that would constitute Joe T. McMullen as the agent of Virginia McDonald; and if, in the carrying out of that agency, in other words, going and getting the automobile and bringing it to her home, he was guilty of negligence, and that negligence proximately caused this collision and the damage to the plaintiff's car, then the negligence that Joe T. McMullen may have been guilty of is attributable to the defendant, Virginia McDonald, and you would also be authorized to render a verdict against her."

The above instruction was correct, and under it the jury was authorized to return the verdict rendered.

When a master and servant relationship exists, the master may be sued jointly with the servant or agent for the

latter's negligence under the rule of respondeat superior. Griffin v. Bozeman, 234 Ala. 136, 173 So. 857.

■ Where a suit is prosecuted against several defendants, a plaintiff may recover against one, or more. Section 139, Title 7, Code of Alabama 1940.

■ An exception to the above rule is that where the master's liability is dependent solely upon the negligence of the servant, a judgment exonerating the servant will relieve the master. Griffin v. Bozeman, supra, and cases cited therein.

This case is of course not within this exception, for it was the master, and not the servant, who was exonerated, and the rule enunciated in Section 139, supra, controls.

Counsel also argues that there was no evidence tending to establish the damages to the car operated by Blackwood.

In this connection the record shows that Mr. Blackwood, without objection, testified that his hobby was keeping up with the prices of automobiles; and that the wholesale value of the car before the wreck was twelve to thirteen hundred dollars, with a retail value of $150 to $200 above the wholesale value, and that the wholesale value after the wreck might have been $1000, and its retail value in the area of $1200 to $1250.

In this connection Mr. Cliff Worsham, who operated the Auto Beauty Shop, and had been in such business for thirty-eight years testified that he had repaired the automobile and that the reasonable costs of parts and work in repairing the car was $310.26.

■■ While the defendant objected to the introduction of the above evidence, it was properly received. The reasonable costs of repair of an automobile may be shown to establish the value of an automobile before and after injury. Austin v. Tennessee Biscuit Company, 255 Ala. 573, 52 So.2d 190. Clearly the evidence presented by the plaintiff to the jury tending to establish its damages was sufficient to support the verdict and judgment.

The above discussion we think disposes of the matters raised by appellant's third, sixth, seventh, and eighth and thirteenth assignments of error, and in our opinion each of such assignments is without merit.

Appellant's ninth and fourteenth assignments of error pertain to an exception to a part of the court's oral charge, wherein the court referred to and read a portion of Section 18, Title 36, Code of Alabama 1940, providing that "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way," etc.

The court had instructed the jury that they must look to the facts in determining "what the situation was" at the time of the collision.

The instruction of the court stated the law applicable and was free of error.

Assignments 9 and 14 were without merit.

Assignments 10, 11, 15, and 16 relate to the action of the court in refusing certain of appellant's requested charges. These charges were affirmative in nature, and properly refused under the developed evidence.

■ Appellant's assignments of error 12 and 16 each pertain to appellant's refused charge No. 4. This charge was refused without error in that it was not predicated upon the evidence, was misleading, and did not state a correct principle of law. See Brown v. Standard Casket Mfg. Company, 234 Ala. 512, 175 So. 358.

Affirmed.

### On Rehearing.

Counsel for appellant in their brief in support of appellant's application for rehearing has requested that we extend our opinion to cover a point not discussed in our original opinion. We are glad to comply,

having omitted the point in our original opinion because in our opinion the point was without merit.

The point relates to assignments 3, 6, 7, 10, 11, and 16 in so far as these assignments relate to the sufficiency of the evidence to support the verdict.

■ Counsel for appellee contend that the evidence is insufficient in that it does not establish that the plaintiff below, Four Wheels, Inc., a Corporation, was the owner of the automobile injured in the collision.

The evidence shows that the witness Blackwood was an employee of Wyeth Laboratories, and as such drove and operated the automobile in question. In his direct examination Mr. Blackwood testified as follows:

"Q. Who was the owner of the automobile you drive? A. It was a rented car, owned by Oldsmobile, Incorporated, out of Chicago."

In his original brief counsel for appellee correctly pointed out that just prior to this testimony the court had admonished the witness to speak louder because of the operation of the air conditioner.

However, the record shows the following during the cross examination of the witness Blackwood:

"Q. Now, Mr. Blackwood, at this time when you were operating this car you were operating the automobile in connection with your business as a drug salesman? Is that correct? A. Yes, sir.

"Q. And that was Wyeth Laboratories that you were employed by? A. Yes, sir.

"Q. Were you operating the car in the business of Four Wheels, Incorporated, in any capacity? A. No, sir.

"Mr. Norred: I believe that is all I have to ask Mr. Blackwood.

"Your Honor, I would like to call this to the court's attention, that there is a variance between the pleading and the proof, that the complaint alleges that the automobile involved was being operated by the plaintiff, when the evidence shows it was not being operated—

"The Court: What?

"Mr. Norred: That the operator [sic] involved and for which damages are claimed was being operated by the plaintiff, and the proof shows that the automobile was not being operated by the plaintiff, that it was being operated by Mr. Blackwood who had rented the automobile and was not an agent of the plaintiff.

"Mr. Albea: I think the evidence clearly states that the plaintiff owned this automobile and this was a rental arrangement between the Wyeth Laboratories and the Four Wheels corporation, so they certainly have a pecuniary interest in this matter.

"The Court: Well, I will look at the complaint and see what I want to do about it at the noon recess."

■ It is to be noted that the only variance pointed out in the motion related to whether the automobile was being "operated by the plaintiff." The complaint of course asserted that the damages occurred "while plaintiff's automobile was being operated by one James M. Blackwood," etc. Thus there was no variance within the grounds asserted in the motion, and we agree with the statement of counsel that it appears that the parties, their counsel, the judge, and the jury understood the evidence as to the ownership of plaintiff's automobile.

■ Further, this matter is squarely within the influence of Circuit Court Rules 34 and 35, Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction, to be found in Title 7, 1940 Code of Alabama, pages 1035, 1037.

As stated by the late Rice, J., in St. Louis-San Francisco Ry. Co. v. Poor, 20 Ala.App. 582, 104 So. 343, wherein the alleged variance arose out of testimony that the damage had been caused by the "Frisco," wherein the complaint was filed against the "St. Louis and San Francisco Railway Company, a corporation:"

" * * * all that appellant argues in its able brief in this regard, as grounds for reversal is fully and adversely (to it) answered by Circuit Court Rule 34 (175 Ala. XXI), which we think was promulgated to meet just such contentions as that now here made."

Application overruled.